# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TEAM SCHIERL COMPANIES and HEARTLAND FARMS, INC., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASPIRUS, INC. and ASPIRUS NETWORK, INC.,<br><br>*Defendants*. | Civil Action No. 3:22-cv-00580-jdp<br><br>Honorable James D. Peterson, U.S.D.J.<br>Honorable Stephen L. Crocker, U.S.M.J. |

## ANSWER AND AFFIRMATIVE DEFENSES OF ASPIRUS, INC. AND ASPIRUS NETWORK, INC. TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants Aspirus Inc. ("Aspirus") and Aspirus Network, Inc. ("ANI") (together, "Defendants"), by and through their undersigned attorneys, respectfully submit the following answer and affirmative defenses to the Class Action Complaint dated October 12, 2022, Dkt. No. 1, (the "Complaint") filed by Plaintiffs Schierl, Inc. d/b/a Team Schierl Companies ("TSC") and Heartland Farms, Inc. ("Heartland Farms") (together, "Plaintiffs").

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny each and every one of the allegations (including any factual allegations in non-numbered paragraphs, headings, or footnotes in the Complaint) except to the extent those allegations are specifically admitted below. Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the capitalized terms. Defendants also do not concede the truthfulness of sources quoted or referenced in the Complaint. To the extent that a response is required and unless

otherwise indicated, Defendants deny all allegations of sources quoted in or referenced in the Complaint.

The Complaint refers to "Aspirus" throughout without differentiating between either Defendant. Defendants are thus unable to determine whether any given allegation about "Aspirus" is directed to one or more Defendants. Defendants object to this grouping and deny each and every allegation that collectively refers to "Aspirus" without specifically directing an allegation to either Defendant. Further, Defendants respond in this Answer only to the claims that remain after the Courts' Memorandum Opinion and Order dated October 17, 2023 (Dkt. No. 47). Moreover, Defendants are answering the Complaint to the best of their current knowledge and information and in a manner consistent with the applicable rules. Defendants' investigation continues, and Defendants reserve the right to supplement or modify any portion of this Answer, including the affirmative defenses, at a later stage of the proceedings as permitted by the Federal Rules of Civil Procedure.

Subject to the foregoing, Defendants respond to the allegations in the Complaint as follows.

## ANSWER TO ALLEGATIONS IN THE COMPLAINT

The allegations in this prefatory paragraph of the Complaint state legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiffs' claimed investigation and on that basis denies the allegations in this prefatory paragraph.

1.      Defendants admit only that ANI is a clinically and financially integrated network of providers and a subsidiary of Aspirus. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 and on that basis deny them. Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.  Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit only the allegations in the first two sentences of Paragraph 5. Defendants also admit only that Aspirus serves communities in Wisconsin through multiple high-quality hospitals and dozens of clinics, home health and hospice care, pharmacies, critical care and air-medical transport, and nursing homes, and that Aspirus currently has approximately 11,000 employees.  Defendants deny any remaining allegations in Paragraph 5.

6.      Defendants admit only that Aspirus owns several facilities in Wisconsin that offer high-quality a variety of healthcare services; at various points a company doing business as Ascension operated medical facilities in Wisconsin; and that Aspirus acquired certain medical facilities from Ascension in 2021.  Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit only that ANI is clinically and financially integrated network of leading primary and specialty care physicians, hospitals, and allied healthcare professionals. Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

10a.    Defendants deny the allegations in Paragraph 10a.

10b.    Defendants deny the allegations in Paragraph 10b.

11.     Defendants deny the allegations in Paragraph 11.

12.     The allegations in the first three sentences of Paragraph 12 purport to reference,

characterize, summarize, and/or quote from unidentified documents, offered without attribution or context.  To the extent such sources are identified, Defendants refer to those documents for a true and complete statement of their content.   To the extent such documents are unidentified, Defendants lack knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

13a.    Defendants deny the allegations in Paragraph 13a.

13b.    Defendants deny the allegations in Paragraph 13b.

13c.    Defendants deny the allegations in Paragraph 13c.

13d.    Defendants deny the allegations in Paragraph 13d.

13f.    Defendants deny the allegations in Paragraph 13f.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth

of the allegations in Paragraph 20 and on that basis deny them.

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny them.

22.     Defendants admit only the first sentence in Paragraph 22.  Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit only the first sentence in Paragraph 23.  Defendants deny the remaining allegations in Paragraph 23.

24.     The allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants admit only that they are registered to transact business in Wisconsin and have done so.  By way of further response, Defendants deny that they have engaged in any unlawful conduct and thus there is no basis for the Court to exercise personal jurisdiction over Defendants for the purported antitrust claims.  Any remaining allegations in Paragraph 25 are denied.

26.     The allegations in Paragraph 26 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 26.

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' general characterizations of any purported market for health care services in Paragraph 27.

28.     The allegations in Paragraph 28 reference and/or rely on documents.  The

documents speak for themselves, and Defendants deny any allegations in Paragraph 28 that are inconsistent with the documents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 28 and on that basis deny them. To the extent a response is deemed necessary, Defendants deny Plaintiffs' general characterization of the healthcare market in Paragraph 28.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny them. To the extent a response is deemed necessary, Defendants deny Plaintiffs' general characterizations of any purported market for health care services in Paragraph 29.

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny them. To the extent a response is deemed necessary, Defendants deny Plaintiffs' general characterizations of any purported market for health care services in Paragraph 30.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny them. To the extent a response is deemed necessary, Defendants deny Plaintiffs' general characterizations of any purported market for health care services in Paragraph 31.

32.     The allegations in Paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 41 and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and on that basis deny them.  To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and document excerpts cited in Paragraph 43 and on that basis denies them.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and document excerpts cited in Paragraph 45 and on that basis denies them.

46.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and document excerpts cited in Paragraph 46 and on that basis denies them.

47.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and document excerpts cited in Paragraph 47 and on that basis denies them.

48.     Defendants lack sufficient knowledge or information to form a belief as to the truth

of the allegations and document excerpts cited in Paragraph 48 and on that basis denies them.

49.     Defendants deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit only the allegations in Paragraph 56 only to the extent that Aspirus' providers offer certain inpatient services in Wisconsin; Aspirus has owned or affiliated with providers that offer outpatient services in Wisconsin; and that some patients may be able to travel to different service areas obtain medical procedures.  Defendants deny the remaining allegations in Paragraph 56.

57.     The allegations in Paragraph 57 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. The allegations in Paragraph 64 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. The allegations in Paragraph 67 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and document excerpts cited in Paragraph 68 and on that basis denies them.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants admit only that Aspirus owns Aspirus Wausau Hospital ("AWH") as well as other medical facilities in Wisconsin. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 74 and on that basis deny them. Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants admit only that ANI's clinically and financially integrated network includes Aspirus-affiliated providers as well as other providers.  Defendants deny the remaining allegations in Paragraph 75.

76.     The allegations in Paragraph 76 purport to reference and/or characterize unidentified documents, offered without attribution or context.  To the extent such sources are identified, Defendants refer to those documents for a true and complete statement of their content.  To the extent such documents are unidentified, Defendants lack knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Defendants deny the remaining allegations in Paragraph 76.

77.     The allegations in Paragraph 77 purport to reference and/or characterize unidentified documents, offered without attribution or context.  To the extent such sources are identified, Defendants refer to those documents for a true and complete statement of their content.  To the extent such documents are unidentified, Defendants lack knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Defendants deny the remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 purport to reference and/or characterize unidentified documents, offered without attribution or context.  To the extent such sources are identified, Defendants refer to those documents for a true and complete statement of their content.  To the extent such documents are unidentified, Defendants lack knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  Defendants deny the remaining allegations in Paragraph 76.

79.     The allegations in Paragraph 79 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 state legal conclusions to which no response is required.   To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 80 and on that basis deny them.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     On October 17, 2023, the Court dismissed Plaintiffs' claims regarding alleged horizontal price fixing  to which this allegation is directed.  Mem. Op'n at 11, Dkt. No. 47.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     On October 17, 2023, the Court dismissed Plaintiffs' claims regarding alleged horizontal price fixing to which this allegation is directed.  Mem. Op'n at 11, Dkt. No. 47.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth as to the allegations in Paragraph 86 regarding the structure of various employee sponsored health plans and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     On October 17, 2023, the Court dismissed Plaintiffs' claims regarding alleged horizontal price fixing to which this allegation is directed.  Mem. Op'n at 11, Dkt. No. 47. Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 state legal conclusions to which no response is

required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.    The allegations in Paragraph 91 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

93.    The allegations in Paragraph 93 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

94.    The allegations in Paragraph 94 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

95.    The allegations in Paragraph 95 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

96.    The allegations in Paragraph 96 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

97.    The allegations in Paragraph 97 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98.    The allegations in Paragraph 98 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek

certification of a class but deny that class certification is appropriate.

98a.    The allegations in Paragraph 98a. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98b.    The allegations in Paragraph 98b. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98c.    The allegations in Paragraph 98c. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98d.    The allegations in Paragraph 98d. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98e.    The allegations in Paragraph 98e. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98f.    The allegations in Paragraph 98f. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98g.    The allegations in Paragraph 98g. state legal conclusions to which no response is required.   To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

98h.    The allegations in Paragraph 98h. state legal conclusions to which no response is

required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

99.     The allegations in Paragraph 99 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

100.    The allegations in Paragraph 100 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs seek certification of a class but deny that class certification is appropriate.

101.    The allegations in Paragraph 101 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.    Defendants admit only that a percentage of Aspirus's revenues have come from sources located outside of Wisconsin, including the federal government (through the Medicare and Medicaid programs).  Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants admit only that Aspirus has at times made purchases of medicines and supplies from sellers located outside of Wisconsin.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103 and on that basis denies them.

## CLAIMS

### Count I: Violation of Section One of the Sherman Act, 15 U.S.C. § 1
### (Unlawful Restraint of Trade)

104.    Defendants incorporate by reference its answers and denials to the allegations in the Complaint as though fully set forth herein.

105.    The allegations in Paragraph 105 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

**Count II: Violation of Section Two of the Sherman Act, 15 U.S.C. § 2
(Monopolization of the GAC and Outpatient Markets)**

108.    Defendants incorporate by reference its answers and denials to the allegations in the Complaint as though fully set forth herein.

109.    The allegations in Paragraph 109 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.    The allegations in Paragraph 113 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 113.

**<u>DEMAND FOR JUDGMENT</u>**

Defendants deny that Plaintiffs are entitled to any of the relief they seek from Defendants.

**<u>JURY DEMAND</u>**

Plaintiffs' jury demand does not contain any factual or legal assertions to which a response is required.

## **GENERAL DENIAL**

Defendants deny each and every allegation in the Complaint not specifically admitted.

## **AFFIRMATIVE DEFENSES**

Without admitting liability as to any of the claims asserted in the Complaint or assuming any burden of proof that they would not otherwise bear under applicable law, Defendants assert the following affirmative defenses to each and every cause of action alleged in the Complaint. Defendants reserve the right to amend or supplement its affirmative defenses.

Defendants also reserve all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. As indicated in the Preliminary Statement above, Defendants' investigation in this matter is ongoing and Defendants reserve the right to supplement or modify any portion of this Answer, including but not limited to by asserting additional affirmative or other defenses or claims not yet asserted herein, at any time and consistent with the Federal Rules of Civil Procedure.

### **First Defense**

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.  Included in, but not limiting such challenge, Defendants reassert all grounds set forth in its previously filed motion to dismiss as if fully reasserted here.

### **Second Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust or Article III standing to assert their claims.

### **Third Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot prove the requisite elements of fraudulent concealment, equitable estoppel, statutory tolling provisions, or any other theory under which Plaintiffs seeks to toll the applicable statutes of limitations under the federal laws pursuant to which Plaintiffs purport to bring claims.

### Fifth Defense

Plaintiffs' claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because they have not sustained any cognizable injury or antitrust injury caused by any action of Defendants.

### Sixth Defense

Plaintiffs' claims are foreclosed because Plaintiffs have not alleged and cannot establish a proper relevant product or geographic market in which competition has been harmed or prove market or monopoly power in such a market.

### Seventh Defense

Plaintiffs' claims, in whole or in part, are barred because Defendants' conduct is not subject to the *per se* standard of liability under the Sherman Act, and Defendants' conduct does not violate any other standard of liability, including the quick look standard or the antitrust rule of reason.

### Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct is the result of the competitive process and has led to procompetitive results, and the procompetitive benefits of Defendants' conduct is substantially outweighed by any alleged anticompetitive effect.

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were

not caused by any act or omission related to Defendants.

### Tenth Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants' alleged acts or omissions did not substantially lessen competition in any properly defined product or geographic market.

### Eleventh Defense

Plaintiffs' claims are barred, in whole or in part, because some or all of the acts alleged against Defendants are expressly permitted by state or federal statute, regulation, or other laws.

### Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

### Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any, allegedly suffered as a result of the conduct it alleges.

### Fifteenth Defense

Any damages that Plaintiffs allege to have suffered are too remote, speculative, and/or uncertain to allow for a recovery.  Such damages are not capable of ascertainment and allocation.

### Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek damages that are duplicative of damages sought in other actions.

**Seventeenth Defense**

Plaintiffs' claims are barred, in whole or in part, because its alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

**Eighteenth Defense**

Any equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have potentially available an adequate remedy at law.

**Nineteenth Defense**

Plaintiffs' claims are barred, in whole or in part, because this action does not meet the requirements of Federal Rule of Civil Procedure 23.  For example, common questions of law or fact do not predominate over questions affecting individual class members and thus this action is not maintainable as a class action.  Other requirements of Rule 23 are similarly not met.

**Twentieth Defense**

Plaintiffs' claims are barred because all of Defendants' actions alleged by Plaintiffs were lawful, justified, procompetitive, economical, and carried out in the furtherance of Defendants' legitimate business interests.

**Twenty-First Defense**

Plaintiffs' claims are barred because any conduct by or on behalf of Defendants alleged in the Complaint was taken independently in good faith and was legally or equitably protected by applicable privileges, and/or was undertaken in pursuit of legitimate business interests.

**Twenty-Second Defense**

Insofar as Plaintiffs allege that Defendants violated the antitrust rule of reason, such claims are barred, among other reasons, because the Complaint does not allege a properly defined relevant market, because any restraints complained of are ancillary to legitimate, procompetitive activities,

and because the Complaint does not allege how the procompetitive effects of Defendants' legitimate activities are outweighed by anticompetitive effects.

### Twenty-Third Defense

To the extent that Plaintiffs seek a remedy of unjust enrichment, restitution, or disgorgement for an alleged violation of Section 1 or Section 2 of the Sherman Act, those remedies are barred.

### Twenty-Fourth Defense

Plaintiffs' injuries, losses, or damages (if any) which were not proximately caused by its own actions resulted from the acts or omissions of third parties over whom Defendants had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

### Twenty-Fifth Defense

Plaintiffs' claims are barred to the extent that they agreed to arbitration or chose a different forum for the resolution of their claims.

### Twenty-Sixth Defense

Plaintiffs' claims are barred because they are indirect purchasers of the services on which they base their claims.

### Twenty-Seventh Defense

Defendants adopt by reference any applicable affirmative defense set forth by any other Defendant (should any other Defendant appear in this action) not expressly set forth herein.

### Twenty-Eighth Defense

Insofar as Plaintiffs allege that Defendants' conduct constituted *per se* violations of the antitrust laws, such claims are barred, in whole or in part, because Defendants do not have market

or monopoly power over any properly defined "tying" product.

### Twenty-Ninth Defense

Insofar as Plaintiffs allege that Defendants' conduct constituted *per se* violations of the antitrust laws, such claims are barred, in whole or in part, because Defendants' conduct did not cause foreclosure of any volume of commerce in any relevant "tied" product market.

### Thirtieth Defense

Insofar as Plaintiffs allege that Defendants' conduct constituted *per se* violations of the antitrust laws, such claims are barred, in whole or in part, because Defendants' conduct did not cause foreclosure of any volume of commerce in any relevant "tied" product market.

### Thirty-First Defense

Insofar as Plaintiffs allege that Defendants' conduct constituted Rule of Reason violations of the antitrust laws, such claims are barred, in whole or in part, because Defendants' conduct did not cause substantial foreclosure in any relevant "tied" product market.

### Thirty-Second Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege any exclusionary or anticompetitive conduct.

### Thirty-Third Defense

Plaintiffs' prayer for attorneys' fees should be stricken, in whole or in part, because there is no basis, factual, legal or otherwise, to support an award of attorneys' fees.

### RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

Defendants hereby give notice that they intend to assert and reply upon any and all such other defenses and affirmative defenses that may become available or apparent as the action proceeds, and thus reserve the right to amend this Answer to assert such Defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray as follows:

1.      That the proposed class not be certified;

2.      That Plaintiffs take nothing by the Complaint;

3.      That the Complaint be dismissed with prejudice;

4.      That the Court enter judgment in favor of Defendants;

5.      That the Court award Defendants their costs and expenses, including attorneys' fees; and

6.      That the Court award further relief as deemed just and proper.

Dated: October 31, 2023

Respectfully submitted,

*/s/ R. Brendan Fee*

R. Brendan Fee (*pro hac vice*)
Zachary M. Johns (*pro hac vice*)
Vincent C. Papa (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
T:  215-963-5000
F:  215-963-5001
brendan.fee@morganlewis.com
zachary.johns@morganlewis.com
vincent.papa@morganlewis.com

Kenneth M. Kliebard (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL  60606-1511
T:  312-324-1000
F:  312-324-1001
kenneth.kliebard@morganlewis.com

Ryan Kantor (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
T:  202-739-3000
F:  202-739-3001
ryan.kantor@morganlewis.com

Daniel Conley
Nathan Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
(414) 277-5000
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin  53703
(608) 251-5000
matthew.splitek@quarles.com

*Attorneys for Defendants*
*Aspirus, Inc. and Aspirus Network, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, R. Brendan Fee, hereby certify that on October 31, 2023, I served the foregoing Answer and Affirmative Defenses of Aspirus, Inc. and Aspirus Network, Inc. to Plaintiffs' Class Action Complaint by electronically filing this document with the Clerk of Court using the CM/ECF System, which will send an electronic notice to all counsel of record.

*/s/ R. Brendan Fee*
R. Brendan Fee