UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TEAM SCHIERL COMPANIES and HEARTLAND FARMS, INC., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>ASPIRUS, INC., and ASPIRUS NETWORK, INC.,<br><br>*Defendants.* | Civil Action No. 3:22-cv-00580-jdp<br><br>Hon. James D. Peterson, U.S.D.J.<br><br>Hon. Stephen L. Crocker, U.S.M.J. |

**DECLARATION OF DANIEL J. WALKER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

1. I, Daniel J. Walker, am a shareholder in the law firm Berger Montague PC, one of the firms representing plaintiffs Team Schierl Cos. and Heartland Farms, Inc. ("Plaintiffs") and the proposed class. I am a member in good standing of the bars of the District of Columbia and the State of New York. I have personal knowledge of the facts stated herein.

2. On September 6, 2023, Plaintiffs served their First Set of Interrogatories to Defendant Aspirus, Inc. ("Aspirus") and First Set of Interrogatories to Defendant Aspirus Network, Inc. ("ANI") ("First Interrogatories"). ANI and Aspirus are, collectively, referred to as "Defendants" in this declaration. A true and correct copy of the Interrogatories to Aspirus is attached as **Exhibit A.** A true and correct copy of the Interrogatories to ANI is attached as **Exhibit B**.

3. On October 6, 2023, Defendants served Responses and Objections to the First Interrogatories ("Interrogatory Responses"). A true and correct copy of Aspirus's Responses and

Objections is attached as **Exhibit C**. A true and correct copy of ANI's Responses and Objections is attached as **Exhibit D**.

4. On October 12, 2023, Plaintiffs sent an email to Defendants outlining the deficiencies with their Interrogatory Responses and to schedule a meet and confer. On October 17, 2023, Defendants responded by email disputing Plaintiffs' points and noting that the earliest Defendants could meet and confer was the week of October 23, 2023. A true and correct copy of the email string containing the foregoing exchange is attached as **Exhibit E**.

5. On October 24, 2023, Plaintiffs' counsel met and conferred with Defendants' counsel. During this meeting, I reiterated that Rule 33(d) is not an appropriate procedure to provide the information sought, and that Rule 33(d) is not appropriate without providing concurrent access to the documents that purportedly contain the information. Defendants' counsel disagreed with this interpretation of Rule 33(d).

6. During the meet and confer, Defendants' counsel could not answer whether there was any relevant and responsive information—*e.g.*, oral communications—that would not be in documents eventually produced. Defendants' counsel could also not assure me that the documents eventually produced by Defendants would provide all of the information sought in the First Interrogatories. I informed Defendants' counsel that Plaintiffs wished to use the information sought by the Interrogatories to conduct further discovery.

7. Defendants' counsel refused to concede that the parties reached an impasse. Defendants' counsel asserted that Plaintiffs could unilaterally narrow the Interrogatories and that Defendants might choose to respond substantively to narrower interrogatories. Defendants' counsel would not say what information it was willing to provide in response to the interrogatories prior to a production of documents.

8. The call ended with Defendants' counsel maintaining their position that they would not provide substantive responses to the First Interrogatories prior to producing documents, and that only after producing documents would Defendants amend their Interrogatory Responses to cite to responsive documents.

9. Defendants produced a small number of documents to Plaintiffs on November 8, 2023, in response to Plaintiffs' Requests for Production. There is no indication from Defendants that the produced documents are intended to be in response to Plaintiffs' Interrogatories and Defendants have not amended their Interrogatory Responses.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of November, 2023.

*/s/ Daniel J. Walker*

Daniel J. Walker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2023, a true and correct copy of the foregoing was filed with the Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: November 13, 2023 */s/ Daniel J. Walker*
Daniel J. Walker