## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

TEAM SCHIERL COMPANIES and
HEARTLAND FARMS, INC., on behalf of
themselves and all others similarly situated,

    *Plaintiffs*,

   v.

ASPIRUS, INC. and ASPIRUS NETWORK,
INC.,

    *Defendants*.

Civil Action No. 3:22-cv-00580-jdp

Hon. James D. Peterson, U.S.D.J.
Hon. Stephen L. Crocker, U.S.M.J.

## ASPIRUS INC.'S RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of the U.S. District Court for the Western District of Wisconsin ("Local Rules"), Defendant

Aspirus, Inc. ("Aspirus") hereby responds and objects as follows to Plaintiffs Team Schierl

Companies and Heartland Farms, Inc.'s (together, "Plaintiffs") First Set of Interrogatories to

Defendant Aspirus (the "Interrogatories") issued in the above-captioned litigation (the "Action").

### GENERAL OBJECTIONS

   Aspirus asserts the following General Objections, which are hereby incorporated into each

of the Specific Objections to the Interrogatories set forth below:

   1.  Aspirus objects to these Interrogatories as unduly burdensome to the extent that

they purport to require Aspirus to create a document or provide a compilation, abstract, audit,

and/or other document summary that does not currently exist or can be assembled by Plaintiffs

with substantially the same effort as it would require of Aspirus.

2.      Aspirus objects to these Interrogatories to the extent that they seek information that (a) is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, or (b) constitute trade secrets or confidential commercial information or contain information made confidential by law, including Protected Health Information (Protective Order ¶ 1.o., Dkt. No.41-1), or any information protected from disclosure by 21 C.F.R. § 20.63.  Aspirus does not waive any applicable protections, privileges, rules, doctrines, or immunities, whether created by statute or common law, by providing objections and responses to these Interrogatories. Inadvertent or mistaken disclosure of any privileged information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent or mistaken disclosure waive the right of Aspirus to object to the use of any such information in any proceeding.

3.      Aspirus objects to these Interrogatories to the extent that they exceed or differ from the requirements of, or attempt to place burdens upon Aspirus greater than, those imposed or allowed by the Federal Rules of Civil Procedure, the Local Rules, or any ruling by the Court now or in the future that would relieve Aspirus from any obligation to respond, in whole or in part, to any of these Interrogatories.

4.      Aspirus objects to these Interrogatories on the grounds that they seek information that is not relevant to any claim or defense of any Party in the Action and/or is not proportional to the needs of the Action resulting in a burden and expense to Aspirus of complying with these Interrogatories that outweigh the likely benefit.

5.      Aspirus objects to these Interrogatories pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i) to the extent that they contain "unreasonably cumulative or duplicative" Interrogatories, in whole or in part.

6.      Aspirus objects to these Interrogatories to the extent that they are not set forth with sufficient particularity, are insufficiently defined, and/or are vague, ambiguous, and unlimited in scope.   Aspirus will respond to the Interrogatories based upon its understanding of the Interrogatories and in a manner consistent with Aspirus's obligations under the Federal Rules of Civil Procedure and Local Rules.

7.      Aspirus objects to these Interrogatories to the extent that they seek information that is publicly available or obtainable from sources other than Aspirus that are more convenient, less burdensome, or less expensive.

8.      Aspirus objects to these Interrogatories to the extent that they require Aspirus to obtain and produce information from or concerning any entity other than Aspirus on the grounds that such Interrogatories are unduly burdensome and seek information not within Aspirus's possession, custody, or control.   Aspirus will only produce information that is in its possession, custody, or control.

9.      Aspirus objects to these Interrogatories to the extent that they seek to impose on Aspirus an obligation to identify information or documents that once existed and have subsequently been lost, destroyed, or are otherwise missing and to state the details concerning the loss, when such information or documents were deleted in accordance with Aspirus's company practices, policies, and/or applicable law.

10.     Aspirus objects to these Interrogatories to the extent that they call for disclosure of confidential, proprietary, or highly sensitive information belonging to a third party but entrusted to Aspirus on the conditions of confidentiality and non-disclosure, or joint confidential information of Aspirus and a third party.

11.     Aspirus objects to these Interrogatories to the extent that they seek Aspirus's confidential and proprietary information, including trade secrets or other confidential research, development, or commercial information or documents, the disclosure of which will or may cause competitive harm to Aspirus.  To the extent Aspirus produces any information in response to these Interrogatories, it will do so subject to the terms of the Protective Order entered in this Action on June 9, 2023.

12.     Aspirus objects to these Interrogatories as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action to the extent that they call for the identification of "all" information or documents or "any" piece of information or document when any relevant facts can be obtained from fewer than "all" or "any" piece of information or document.  Read literally, such Interrogatories improperly call for the production of identical and duplicative information, which is overbroad, unduly burdensome, and not proportional to the needs of the case.

13.     Aspirus objects to these Interrogatories to the extent that they assume disputed facts or contain legal conclusions in defining the information sought.  Aspirus hereby denies any such disputed facts or legal conclusions.  Any information provided by Aspirus in response to any Interrogatory is without prejudice to this objection and Aspirus does not, by responding to any Interrogatory, adopt or agree with any such disputed facts or legal conclusions.

14.     Aspirus objects to these Interrogatories to the extent that they demand the production of responses within 30 days from the date of service of the Interrogatories.  Subject to Aspirus's General and Specific Objections, responses to these Interrogatories will be produced on mutually agreed date(s).

15.     In light of continuing discovery and investigation, Aspirus reserves the right to amend and/or supplement its responses, and expressly reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Interrogatories but not presently known to Aspirus.  Notwithstanding the foregoing, Aspirus assumes no obligation to amend and/or supplement its responses beyond that which is required by law.

16.     Aspirus objects to these Interrogatories without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of authenticity, improper foundation, competency, privilege, relevance, materiality, unfair prejudice, or any other proper ground, to the use of the information or documents produced in response to these Interrogatories for any purpose, in whole or in part, in any subsequent proceedings, in this Action, or in any other action; (b) the right to object on any ground, at any time, to one or more of these Interrogatories, or other third-party discovery involving or relating to the subject of the Interrogatories; and (c) the right at any time to revise, correct, add to, or clarify any of the responses and/or objections made herein.

## II.   OBJECTIONS TO DEFINITIONS

1.     Aspirus objects to the Definitions to these Interrogatories to the extent that they impose obligations exceeding those required by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

2.     Aspirus objects to the definition of "Affiliated Provider" in Paragraph 1 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms "provider," "employed," and "affiliated" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  Aspirus further objects to this Definition as overbroad and unduly burdensome and

not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any" and all "provider[s]" "affiliated with ANI" when all relevant facts can be obtained from fewer than "any" and all such sources. Aspirus also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

3.      Aspirus objects to the definition of "Agent" in Paragraph 2 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the phrase "authorized to act" is vague and ambiguous because it is undefined and capable of multiple interpretations as used in this Definition. Aspirus further objects to this Definition on the grounds that it is overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, to the extent that it improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Aspirus.

4.      Aspirus objects to the definition of "Agreement" in Paragraph 3 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms "arrangement," "understanding," "formal," "informal," "modifications," and "amendments" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition. Aspirus further objects to the Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the

issues at stake in the Action, because it purports to include "any" and all "oral or written contract[s], arrangement[s] or understanding[s]" when all relevant facts can be obtained from fewer than "any" and all such sources.

5.      Aspirus objects to the definition of "ANI" in Paragraph 5 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms and phrases "divisions," "departments," "wholly owned or controlled subsidiaries or affiliates," "other subsidiaries," "parents," "joint ventures," "branches," "predecessors in interest," "successors in interest," "current and former Employees, agents, attorneys, or representatives," and "all other Persons acting on behalf of, or at the direction of, any such entity" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  Aspirus further objects to this Definition on the grounds that the incorporation of any or all of these terms or phrases into this Definition renders each Interrogatory using "ANI" overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by Aspirus.

6.      Aspirus objects to the definition of "ANI Provider" in Paragraph 6 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms or phrases "provider," "advanced practitioners," and "employed" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  Aspirus further objects to the Definition as overbroad

and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any provider of Health Care Services . . . who is either employed by ANI or Aspirus or who is an Affiliated Provider of ANI" when all relevant facts can be obtained from fewer than "any" and all such sources.

7.      Aspirus objects to the definition of "Anti-Tiering Provision" in Paragraph 7 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "provision," "discourages," "deters," "tiers," "tiered," "consumers," "coverage," "cost-sharing requirements," "disincentivizes," and "subscribers" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

8.      Aspirus objects to the definition of "Aspirus, Inc." in Paragraph 8 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms and phrases "owned," "affiliated," "allied," "divisions," "departments," "wholly owned or controlled subsidiaries or affiliates," "other subsidiaries," "parents," "joint ventures," "branches," "predecessors in interest," "successors in interest," "current and former Employees, agents, attorneys, or representatives," and "all other Persons acting on behalf of, or at the direction of, any such entity" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition on the grounds that the incorporation of any or all of these terms and/or phrases into this Definition renders each

Interrogatory using "Aspirus" overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by Aspirus.  .  Further, unless otherwise agreed to, Aspirus will not produce documents in the possession, custody, or control of Aspirus's attorneys or Aspirus's accountants, consultants, or other agents.  Aspirus will construe "Aspirus" in these Interrogatories to refer to Aspirus, Inc.

9.      Aspirus objects to the definitions of "Capitated Rates" or "Capitation Payments" in Paragraph 9 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which these phrases appear, on the grounds that the terms and phrases "fixed amounts," "unit of time," "provide," "arrange," and "specific set" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

10.     Aspirus objects to the definition of "Certificate of Need" in Paragraph 10 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the term and phrase "establishment" and "major medical equipment acquisitions of facilities" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus

further objects to this Definition on the grounds that it purports to define information that is not relevant to any claim or defense of any Party in the Action and/or is not proportional to the needs of the Action resulting in a burden and expense to Aspirus of complying with these Interrogatories that outweigh the likely benefit—not least of all because Wisconsin does not have a certificate of need law as that phrase is commonly used.

11.     Aspirus objects to the definition of "Chargemaster Rates" in Paragraph 11 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "collection," "standard list prices," and "medical services" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

12.     Aspirus objects to the definition of "Communication" in Paragraph 12 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "communications of any kind" when all relevant facts can be obtained from fewer than "any" and all such sources.

13.     Aspirus objects to the definition of "Competitor" in Paragraph 13 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the term and phrase "provider" and "operating in Wisconsin" are vague and ambiguous because they are undefined and capable of multiple interpretations as

used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

14.     Aspirus objects to the definition of "Contracted Rates" in Paragraph 15 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "total amount," "cost sharing," "contractually agreed," "participating provider," "facility," and "covered items and services" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

15.     Aspirus objects to the definition of "Data" in Paragraph 17 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "machine-readable computer files," "supporting materials," "[d]ata dictionaries," "reference files," "database maps," "crosswalks," "lookup tables," and "information retrieval systems" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to the definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to encompass "any

documentation" when all relevant facts can be obtained from fewer than "any" and all such sources.

16.     Aspirus objects to the definition of "Document" in Paragraph 18 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to encompass "all writings" when all relevant facts can be obtained from fewer than "all" such sources.   Aspirus will construe the term "Document" to have the same meaning and scope to the usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure and controlling case law.

17.     Aspirus objects to the definition of "Employee" in Paragraph 20 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms and phrases "officer," "director," "executive," "manager," "staff member," "performing work," "independent contractor," and "other basis" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.   Aspirus further objects to this Definition on the grounds that the incorporation of any or all of these terms and/or phrases into this Definition renders each Interrogatory using "Employee" overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by Aspirus.

18.      Aspirus objects to the definition of "Gag Clause" in Paragraph 21 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "contract term," "Pricing term," "requirement," "negotiation tactic or condition," "offer," "employers," and "prices" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

19.      Aspirus objects to the definitions of "Health Care Services" and "Health Care" in Paragraph 22 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which these phrases appear, on the grounds that the terms and phrases "medical," "clinical," "laboratory," "therapeutic services," and "advanced practitioners" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

20.      Aspirus objects to the definition of "Health Plan" in Paragraph 23 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "commercial," "self-insured," "health insurance products," "fully insured," and "self-funded health insurance markets" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

21.     Aspirus objects to the definition of "Independent Health Care Provider" in Paragraph 25 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "Health Care provider or group of providers," "employed by," "owned by," and "affiliated in any way with" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any Health Care provider or group of providers" when all relevant facts can be obtained from fewer than all such sources.  Aspirus also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks to include information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

22.     Aspirus objects to the definition of "Inpatient Services" in Paragraph 26 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "general acute care services," "diagnostic and treatment services," and "overnight stay" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

23.     Aspirus objects to the definition of "Medical Facility" in Paragraph 27 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "any location or building" and "overnight stay" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as

14

overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any location or building" when all relevant facts can be obtained from fewer than "any" and all such sources.

24.     Aspirus objects to the definition of "Narrow Network" in Paragraph 29 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "members," "receive(s)," "laboratories," and "insurance discounts" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information or documents sought.

25.     Aspirus objects to the definition of "Non-Participating Rate" in Paragraph 33 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms "rate," "in-network," "participate," and "product," are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "the rate charged by any Health Care Provider" when all relevant facts can be obtained from fewer than "any" and all such sources.

26.     Aspirus objects to the definition of "Outpatient Services" in Paragraph 34 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "medical services" and "overnight stay" are vague

and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

27.     Aspirus objects to the definition of "Patient Invoices" in Paragraph 35 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "billing" and "payments" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

28.     Aspirus objects to the definition of "Payer" in Paragraph 36 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "commercial insurance providers" and "self-insured entities" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any entity" and "any patient" when all relevant facts can be obtained from fewer than "any" and all such sources.  Aspirus also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

29.     Aspirus objects to the definition of "Pricing" in Paragraph 38 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the phrases "health claims," "billing codes," "claim codes," "billing information," and "claims information" are vague and ambiguous because they are undefined and

capable of multiple interpretations as used in this Definition and in the Interrogatories. Aspirus further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any contract or payment-related information" when all relevant facts can be obtained from fewer than "any" and all such sources.

30.    Aspirus objects to the definition of "Provider Network" in Paragraph 39 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms "providers" and "members" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories. Aspirus also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

31.    Aspirus objects to the definition of "Reference-Based Pricing" in Paragraph 40 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrase "reference point" is vague and ambiguous because it is undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

32.    Aspirus objects to the definition of "Referral Condition" in Paragraph 41 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of

the issues at stake in the Action, because it purports to encompass "any portion of any Agreement" related to referrals when all relevant facts can be obtained from fewer than all such sources. Aspirus also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks to include information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from Aspirus.

33.    Aspirus objects to the definition of "Steering Restriction" in Paragraph 44 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "incentivize," "encourage," "utilize" "restricts the ability," "manner," "availability," "cost," and "benefit" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.   Aspirus further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any clause or provision," "any way," and "any insured," when all relevant facts can be obtained from fewer than "any" and all such sources.  Aspirus further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

34.    Aspirus objects to the definition of "Tiered Network" in Paragraph 46 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "providers," "levels," and "high value" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition to the

extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

35.     Aspirus objects to the definition of "Tying Condition" in Paragraph 47 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "requirement," "negotiation tactic," "negotiation condition," "offer," "effect of requiring," "provider," "creates an incentive," and "wants to include" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any Agreement, contract term, Pricing term, requirement, negotiation tactic, negotiation condition, and/or offer" and "any Payer" when all relevant facts can be obtained from fewer than "any" and all such sources.  Aspirus further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

36.     Aspirus objects to the definitions of "You" or "Your" in Paragraph 48 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which these terms appear, on the grounds that the terms and phrases "predecessors, successors, subsidiaries," "departments," "divisions," "affiliates," "third-party recruiting, hiring, or headhunting firms," "officers," and "representatives" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  Aspirus further objects to this Definition on the grounds that the incorporation of any or all of these terms and/or phrases into this Definition renders each Interrogatory using "Aspirus" overbroad and unduly

burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by Aspirus. Further, unless otherwise agreed to, Aspirus will not produce documents in the possession, custody, or control of Aspirus's attorneys or Aspirus's accountants, consultants, or other agents. Aspirus will construe the terms "You" or "Your" in these Interrogatories to refer to Aspirus Network, Inc.

### III.   OBJECTIONS TO INSTRUCTIONS

1.      Aspirus objects each of the "Instructions" to these Interrogatories to the extent that they seek to impose obligations on Aspirus different or greater than those imposed or authorized by the Federal Rules of Civil Procedure, Local Rules, Court order, applicable case law, and/or that are contrary to and inconsistent with the Protective Order and/or ESI Agreement and Protocol entered in this Action.

2.      Aspirus objects to Paragraph 4 of the "Instructions" to these Interrogatories on the grounds that the terms "custody," "control," and "possession" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Instruction.  Aspirus further objects to this Instruction on the grounds that the incorporation of any or all of these terms and/or phrases into this Instruction renders it overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities

20

and persons not parties to the case and not controlled by Aspirus.  Further, unless otherwise agreed

to, Aspirus will not produce documents in the possession, custody, or control of Aspirus's

attorneys or Aspirus's accountants, consultants, or other agents.

## IV.  OBJECTION TO RELEVANT TIME PERIOD

1.  Aspirus objects to the Relevant Time Period, which purports to include an

approximate nine-year period, as overbroad, unduly burdensome, not relevant to the claims or

defenses of any Party, and not proportional to the needs of the Action taking into account the needs

of the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Absent any agreement among the Parties stating some different time period, Aspirus will not

produce information or documents that pre-date the four-year statute of limitations governing

Plaintiffs' Sherman Act claims.  15 U.S.C. § 15(b).

## V.  SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**:

For any Agreement, between or among You and any Payer, that contains any Tying
Condition, Steering Restriction, or Gag Clause, please provide (a) the dates when any such
Agreement was in effect, including the date when any such Agreement first went into effect and
the date when any such Agreement ended or was terminated; (b) your Employee(s) or Agent(s)
involved in the drafting, negotiation, promulgation, or enforcement of any such Agreement; and
(c) the date(s) of any Communication(s) between or among You, ANI, and any provider of Health
Care Services regarding the interpretation, drafting, negotiation, promulgation, or enforcement of
any such Tying Condition, Steering Restriction, or Gag Clause.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to

Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  Aspirus

specifically objects to this Interrogatory Number 1 on the grounds that the terms and phrases "first

went into effect," "ended," "was terminated," "drafting," "negotiation," "promulgation,"

"enforcement," and "interpretation" are vague and ambiguous because they are undefined and

capable of multiple interpretations as used in this Interrogatory. Aspirus further objects to this Request to the extent that it assumes disputed facts or contains legal conclusions—including as to the presumed existence of any purported "Tying Condition, Steering Restriction, or Gag Clause." Aspirus also objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action. Aspirus further objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as Aspirus's forthcoming document production, that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from Aspirus. Aspirus also objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action. Aspirus further objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it intends to produce any responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory. Fed. R. Civ. P. 33(d). As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery. Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories. For the avoidance of doubt, Aspirus will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 2**:

Please provide the contact information for all Employees or Agents responsible for negotiating and/or entering into Agreements with Payers to provide Health Care Services.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period. Aspirus specifically objects to this Interrogatory Number 2 on the grounds that the terms "responsible," "negotiating," and "entering" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory. Aspirus further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek information relating to "all Employees or Agents" with responsibilities related to payor contracting when all relevant facts can be obtained from fewer than all such sources. Aspirus also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as Aspirus's forthcoming document production, that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from Aspirus. Aspirus further objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action.

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it intends to produce any responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory. Fed. R. Civ. P. 33(d). As Plaintiffs

are well aware, the parties are currently negotiating the scope of document discovery.  Many of

Plaintiffs' Requests seek documents containing the same information sought by these

Interrogatories.  For the avoidance of doubt, Aspirus will comply with Federal Rule of Civil

Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records

[produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 3**:

> Please describe each instance in which You have Communicated about prices for Health Care Services (including about Reference-Based Pricing) with any Agent, Employee, or other representative of any Independent Health Care Provider, including (a) the name and contact information of such Independent Health Care Provider; (b) the date(s) of the Communication(s); (c) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (d) the name(s) of the Independent Health Care Provider Employee(s) or Agent(s) involved in such Communication(s); and (e) the beginning bates number of any Document reflecting or relating to any such Communication(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to

Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  Aspirus

specifically objects to this Interrogatory Number 3 on the grounds that the terms and phrases "each

instance," "prices," "other representative," and "involved" are vague and ambiguous because they

are undefined and capable of multiple interpretations as used in this Interrogatory.  Aspirus further

objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs

of the Action taking into account the needs of the case, the amount in controversy, and the

importance of the issues at stake in the Action, because it purports to seek information relating to

"each instance" in which an Aspirus provider has "Communicated about prices for Health Care

Services" when all relevant facts can be obtained from fewer than each and every such "instance."

Aspirus also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and

duplicative to the extent that it seeks information obtainable from some other source, such as

Aspirus's forthcoming document production, that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from Aspirus.  Aspirus further objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action.  Aspirus further objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it intends to produce any responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory.  Fed. R. Civ. P. 33(d).  As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories.  For the avoidance of doubt, Aspirus will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 4**:

Please describe each instance in which You have discussed referral of patients with an Affiliated Provider or Independent Health Care Provider, Communicated about referral of patients with an Affiliated Provider or Independent Health Care Provider, or threatened the withholding of referrals to any Affiliated Provider or Independent Health Care Provider, including (a) the name and contact information of such Provider; (b) the date(s) of the Communication(s); (c) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (d) the name(s) of the Affiliated or Independent Health Care Provider Employee(s) or Agent(s) involved in such Communication(s); and (e) the beginning bates number of any Document reflecting or relating to any such Communication(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  Aspirus

specifically objects to this Interrogatory Number 4 on the grounds that the terms and phrases "each instance," "referral of patients," "threatened," and "involved" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory. Aspirus further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek information relating to "each instance" in which an Aspirus provider has "discussed referral of patients" with virtually any provider when all relevant facts can be obtained from fewer than each and every such "instance." Aspirus also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as Aspirus's forthcoming document production, that is or will be equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from Aspirus. Aspirus further objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action. Aspirus also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it intends to produce any responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory. Fed. R. Civ. P. 33(d). As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery. Many of Plaintiffs' Requests seek documents containing the same information sought by these

Interrogatories.  For the avoidance of doubt, Aspirus will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 5**:

Please describe each instance where You alleged any breach of confidentiality of a Gag Clause, or of any substantially similar obligation, in any Agreement with a Payer, including (a) the date(s) of the Communication(s); (b) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (c) the name(s) of the Payer(s) involved in such Communication(s); (d) the name(s) of Your Competitors' Employee(s) or Agent(s) involved in such Communication(s); (e) the outcome of such Communication(s), including any threatened or actual legal action against the Payer(s) in question; and (f) the beginning bates number of any Document reflecting or relating to any such Communication(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  Aspirus specifically objects to this Interrogatory Number 5 on the grounds that the terms and phrases "each instance," "any substantially similar obligation," "involved," "outcome," "threatened or actual legal action" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory.  Aspirus further objects to this Request to the extent that it assumes disputed facts or contains legal conclusions—including as to the presumed existence of any purported "Gag Clause" "or . . . any substantially similar obligation."  Aspirus also objects to this Interrogatory to the extent that it seeks information relating to "any threatened or actual legal action" protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Aspirus further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action.  Aspirus also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to

the extent that it seeks information obtainable from some other source, such as Aspirus's forthcoming document production, that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from Aspirus. Aspirus further objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action.  Aspirus also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it intends to produce any responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory.  Fed. R. Civ. P. 33(d).  As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories.  For the avoidance of doubt, Aspirus will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 6**:

Please describe each instance where You have Communicated about acquiring and/or selling a medical facility in Wisconsin, or potentially acquiring and/or selling a medical facility in Wisconsin, including (a) the date(s) of the Communication(s); (b) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (c) the name(s) of the other Person(s) involved in such Communication(s); (d) the name(s) of the Person's Employee(s) or Agent(s) involved in such Communication(s); (e) the outcome of such Communication(s), including whether any facility was bought or sold, the dates of such transaction(s), and the terms of purchase or sale; and (f) the beginning bates number of any Document reflecting or relating to any such Communication(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  Aspirus specifically objects to this Interrogatory Number 6 on the grounds that the terms and phrases "each instance," "acquiring," "potentially acquiring," "selling," "involved," "outcome," "facility," "terms" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory.  Aspirus also objects to this Interrogatory to the extent that it seeks information relating to a corporate transaction protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Aspirus further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek information relating to "each instance" in which Aspirus "has Communicated about" a potential acquisition when all relevant facts can be obtained from fewer than each and every such "instance."  Aspirus also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as Aspirus's forthcoming document production, that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from Aspirus.  Aspirus further objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action.  Aspirus also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it may produce responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory.  Fed. R. Civ. P. 33(d).  As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories.  To the extent Aspirus agrees to provide documents responsive to this topic, Aspirus will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 7**:

Please describe each instance in which a current or former Affiliated Provider of ANI has Communicated with You about entering into an Agreement with a Payer, including Communications relating to becoming part of a Provider Network other than ANI, including by providing (a) the name and contact information of such Affiliated Provider; (b) the date(s) of the Communication(s); (c) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (d) the name(s) of the Affiliated Provider Employee(s) or Agent(s) involved in such Communication(s); and (e) the outcome of such Communications, including whether such Affiliated Provider was granted permission or consent to enter into such an Agreement.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7**:

Aspirus incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  Aspirus specifically objects to this Interrogatory Number 7 on the grounds that the terms "each instance," "outcome," "granted," "permission," and "consent" are vague and, ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory.  Aspirus further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek information relating to

"each [and every] instance" in which an Aspirus provider has communicated with Aspirus about entering into an agreement with a payor over an undefined time period when all relevant facts can be obtained from fewer than each and every such "instance."  Aspirus also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as Aspirus's forthcoming document productions, that will be or is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such a narrative from Aspirus.  Aspirus further objects to this Interrogatory as premature to the extent it is requesting that Aspirus state any contention regarding any claims or defenses asserted in this Action.  Aspirus also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, Aspirus responds that it intends to produce any responsive, non-privileged documents in its possession, custody, or control in response to Plaintiffs' first Set of Requests for Production of Documents to Aspirus (the "Requests") that will satisfy this Interrogatory.  Fed. R. Civ. P. 33(d).  As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories.  For the avoidance of doubt, Aspirus will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by Aspirus] that must be reviewed" to satisfy this Interrogatory.

Dated:  October 6, 2023                                 Respectfully submitted,

/s/  Zachary M. Johns
Zachary M. Johns (*pro hac vice*)
R. Brendan Fee (*pro hac vice*)
Vincent C. Papa (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
T:  215-963-5000
F:  215-963-5001
brendan.fee@morganlewis.com
zachary.johns@morganlewis.com
vincent.papa@morganlewis.com

Kenneth M. Kliebard (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL  60606-1511
T:  312-324-1000
F:  312-324-1001
kenneth.kliebard@morganlewis.com

Ryan Kantor (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
T:  202-739-3000
F:  202-739-3001
ryan.kantor@morganlewis.com

Daniel Conley
Nathan Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
(414) 277-5000
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin  53703
(608) 251-5000
matthew.splitek@quarles.com

*Attorneys for Defendants*
*Aspirus, Inc. and Aspirus Network, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2023, a true and correct copy of the foregoing was served by electronic mail upon counsel for Plaintiffs Team Schierl Companies and Heartland Farms, Inc.

Dated:  October 6, 2023                                            _/s/ Zachary M. Johns_____
                                                                                    Zachary M. Johns