# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TEAM SCHIERL COMPANIES and HEARTLAND FARMS, INC., on behalf of themselves and all others similarly situated,<br><br>     *Plaintiffs*,<br><br>   v.<br><br>ASPIRUS, INC. and ASPIRUS NETWORK, INC.,<br><br>     *Defendants*. | Civil Action No. 3:22-cv-00580-jdp<br><br>Hon. James D. Peterson, U.S.D.J.<br>Hon. Stephen L. Crocker, U.S.M.J. |

## ASPIRUS NETWORK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Wisconsin ("Local Rules"), Defendant Aspirus Network, Inc. ("ANI") hereby responds and objects as follows to Plaintiffs Team Schierl Companies and Heartland Farms, Inc.'s (together, "Plaintiffs") First Set of Interrogatories to Defendant ANI (the "Interrogatories") issued in the above-captioned litigation (the "Action").

## GENERAL OBJECTIONS

ANI asserts the following General Objections, which are hereby incorporated into each of the Specific Objections to the Interrogatories set forth below:

1.     ANI objects to these Interrogatories as unduly burdensome to the extent that they purport to require ANI to create a document or provide a compilation, abstract, audit, and/or other document summary that does not currently exist or can be assembled by Plaintiffs with substantially the same effort as it would require of ANI.

2.      ANI objects to these Interrogatories to the extent that they seek information that (a) is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, or (b) constitute trade secrets or confidential commercial information or contain information made confidential by law, including Protected Health Information (Protective Order ¶ 1.o., Dkt. No.41-1), or any information protected from disclosure by 21 C.F.R. § 20.63.  ANI does not waive any applicable protections, privileges, rules, doctrines, or immunities, whether created by statute or common law, by providing objections and responses to these Interrogatories. Inadvertent or mistaken disclosure of any privileged information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent or mistaken disclosure waive the right of ANI to object to the use of any such information in any proceeding.

3.      ANI objects to these Interrogatories to the extent that they exceed or differ from the requirements of, or attempt to place burdens upon ANI greater than, those imposed or allowed by the Federal Rules of Civil Procedure, the Local Rules, or any ruling by the Court now or in the future that would relieve ANI from any obligation to respond, in whole or in part, to any of these Interrogatories.

4.      ANI objects to these Interrogatories on the grounds that they seek information that is not relevant to any claim or defense of any Party in the Action and/or is not proportional to the needs of the Action resulting in a burden and expense to ANI of complying with these Interrogatories that outweigh the likely benefit.

5.      ANI objects to these Interrogatories pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i) to the extent that they contain "unreasonably cumulative or duplicative" Interrogatories, in whole or in part.

6.     ANI objects to these Interrogatories to the extent that they are not set forth with sufficient particularity, are insufficiently defined, and/or are vague, ambiguous, and unlimited in scope.  ANI will respond to the Interrogatories based upon its understanding of the Interrogatories and in a manner consistent with ANI's obligations under the Federal Rules of Civil Procedure and Local Rules.

7.     ANI objects to these Interrogatories to the extent that they seek information that is publicly available or obtainable from sources other than ANI that are more convenient, less burdensome, or less expensive.

8.     ANI objects to these Interrogatories to the extent that they require ANI to obtain and produce information from or concerning any entity other than ANI on the grounds that such Interrogatories are unduly burdensome and seek information not within ANI's possession, custody, or control.  ANI will only produce information that is in its possession, custody, or control.

9.     ANI objects to these Interrogatories to the extent that they seek to impose on ANI an obligation to identify information or documents that once existed and have subsequently been lost, destroyed, or are otherwise missing and to state the details concerning the loss, when such information or documents were deleted in accordance with ANI's company practices, policies, and/or applicable law.

10.     ANI objects to these Interrogatories to the extent that they call for disclosure of confidential, proprietary, or highly sensitive information belonging to a third party but entrusted to ANI on the conditions of confidentiality and non-disclosure, or joint confidential information of ANI and a third party.

11.     ANI objects to these Interrogatories to the extent that they seek ANI's confidential and proprietary information, including trade secrets or other confidential research, development,

or commercial information or documents, the disclosure of which will or may cause competitive harm to ANI. To the extent ANI produces any information in response to these Interrogatories, it will do so subject to the terms of the Protective Order entered in this Action on June 9, 2023.

12.     ANI objects to these Interrogatories as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action to the extent that they call for the identification of "all" information or documents or "any" piece of information or document when any relevant facts can be obtained from fewer than "all" or "any" piece of information or document. Read literally, such Interrogatories improperly call for the production of identical and duplicative information, which is overbroad, unduly burdensome, and not proportional to the needs of the case.

13.     ANI objects to these Interrogatories to the extent that they assume disputed facts or contain legal conclusions in defining the information sought. ANI hereby denies any such disputed facts or legal conclusions. Any information provided by ANI in response to any Interrogatory is without prejudice to this objection and ANI does not, by responding to any Interrogatory, adopt or agree with any such disputed facts or legal conclusions.

14.     ANI objects to these Interrogatories to the extent that they demand the production of responses within 30 days from the date of service of the Interrogatories. Subject to ANI's General and Specific Objections, responses to these Interrogatories will be produced on mutually agreed date(s).

15.     In light of continuing discovery and investigation, ANI reserves the right to amend and/or supplement its responses, and expressly reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the

Interrogatories but not presently known to ANI.  Notwithstanding the foregoing, ANI assumes no obligation to amend and/or supplement its responses beyond that which is required by law.

16.     ANI objects to these Interrogatories without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of authenticity, improper foundation, competency, privilege, relevance, materiality, unfair prejudice, or any other proper ground, to the use of the information or documents produced in response to these Interrogatories for any purpose, in whole or in part, in any subsequent proceedings, in this Action, or in any other action; (b) the right to object on any ground, at any time, to one or more of these Interrogatories, or other third-party discovery involving or relating to the subject of the Interrogatories; and (c) the right at any time to revise, correct, add to, or clarify any of the responses and/or objections made herein.

## II.    OBJECTIONS TO DEFINITIONS

1.     ANI objects to the Definitions to these Interrogatories to the extent that they impose obligations exceeding those required by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

2.     ANI objects to the definition of "Affiliated Provider" in Paragraph 1 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms "provider," "employed," and "affiliated" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any" and all "provider[s]" "affiliated with ANI" when all relevant facts can be obtained from fewer than "any" and all such sources.  ANI also objects to this Definition as overbroad, unduly

burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

3.      ANI objects to the definition of "Agent" in Paragraph 2 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the phrase "authorized to act" is vague and ambiguous because it is undefined and capable of multiple interpretations as used in this Definition.  ANI further objects to this Definition on the grounds that it is overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, to the extent that it improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by ANI.

4.      ANI objects to the definition of "Agreement" in Paragraph 3 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms "arrangement," "understanding," "formal," "informal," "modifications," and "amendments" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  ANI further objects to the Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any" and all "oral or written contract[s], arrangement[s] or understanding[s]" when all relevant facts can be obtained from fewer than "any" and all such sources.

5.      ANI objects to the definition of "ANI" in Paragraph 5 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms and phrases "divisions," "departments," "wholly owned or controlled subsidiaries or affiliates," "other subsidiaries," "parents," "joint ventures," "branches," "predecessors in interest," "successors in interest," "current and former Employees, agents, attorneys, or representatives," and "all other Persons acting on behalf of, or at the direction of, any such entity" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  ANI further objects to this Definition on the grounds that the incorporation of any or all of these terms or phrases into this Definition renders each Interrogatory using "ANI" overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by ANI.  Further, unless otherwise agreed to, ANI will not produce documents in the possession, custody, or control of ANI's attorneys or ANI's accountants, consultants, or other agents.  ANI will construe "ANI" in these Interrogatories to refer to Aspirus Network, Inc.

6.      ANI objects to the definition of "ANI Provider" in Paragraph 6 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms or phrases "provider," "advanced practitioners," and "employed" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition.  ANI further objects to the Definition as overbroad and unduly burdensome and

not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any provider of Health Care Services . . . who is either employed by ANI or Aspirus or who is an Affiliated Provider of ANI" when all relevant facts can be obtained from fewer than "any" and all such sources.

7.      ANI objects to the definition of "Anti-Tiering Provision" in Paragraph 7 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "provision," "discourages," "deters," "tiers," "tiered," "consumers," "coverage," "cost-sharing requirements," "disincentivizes," and "subscribers" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

8.      ANI objects to the definition of "Aspirus" in Paragraph 8 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms and phrases "owned," "affiliated," "allied," "divisions," "departments," "wholly owned or controlled subsidiaries or affiliates," "other subsidiaries," "parents," "joint ventures," "branches," "predecessors in interest," "successors in interest," "current and former Employees, agents, attorneys, or representatives," and "all other Persons acting on behalf of, or at the direction of, any such entity" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition on the grounds that the incorporation of any or all of these terms and/or phrases into this Definition renders each Interrogatory using "Aspirus" overbroad and unduly burdensome

and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by ANI.

9.      ANI objects to the definitions of "Capitated Rates" or "Capitation Payments" in Paragraph 9 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which these phrases appear, on the grounds that the terms and phrases "fixed amounts," "unit of time," "provide," "arrange," and "specific set" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

10.      ANI objects to the definition of "Certificate of Need" in Paragraph 10 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the term and phrase "establishment" and "major medical equipment acquisitions of facilities" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition on the grounds that it purports to define information that is not relevant to any claim or defense of any Party in the Action and/or is not proportional to the needs of the Action resulting in a burden and expense to ANI of complying with these Interrogatories that

outweigh the likely benefit—not least of all because Wisconsin does not have a certificate of need law as that phrase is commonly used.

11.     ANI objects to the definition of "Chargemaster Rates" in Paragraph 11 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "collection," "standard list prices," and "medical services" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

12.     ANI objects to the definition of "Communication" in Paragraph 12 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "communications of any kind" when all relevant facts can be obtained from fewer than "any" and all such sources.

13.     ANI objects to the definition of "Competitor" in Paragraph 13 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the term and phrase "provider" and "operating in Wisconsin" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from

some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

14.    ANI objects to the definition of "Contracted Rates" in Paragraph 15 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "total amount," "cost sharing," "contractually agreed," "participating provider," "facility," and "covered items and services" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

15.    ANI objects to the definition of "Data" in Paragraph 17 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "machine-readable computer files," "supporting materials," "[d]ata dictionaries," "reference files," "database maps," "crosswalks," "lookup tables," and "information retrieval systems" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to the definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to encompass "any documentation" when all relevant facts can be obtained from fewer than "any" and all such sources.

16.    ANI objects to the definition of "Document" in Paragraph 18 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears,

as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to encompass "all writings" when all relevant facts can be obtained from fewer than "all" such sources.  ANI will construe the term "Document" to have the same meaning and scope to the usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure and controlling case law.

17.     ANI objects to the definition of "Employee" in Paragraph 20 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the terms and phrases "officer," "director," "executive," "manager," "staff member," "performing work," "independent contractor," and "other basis" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition on the grounds that the incorporation of any or all of these terms and/or phrases into this Definition renders each Interrogatory using "Employee" overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by ANI.

18.     ANI objects to the definition of "Gag Clause" in Paragraph 21 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "contract term," "Pricing term," "requirement," "negotiation tactic or condition," "offer," "employers," and "prices" are vague and ambiguous

because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

19.     ANI objects to the definitions of "Health Care Services" and "Health Care" in Paragraph 22 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which these phrases appear, on the grounds that the terms and phrases "medical," "clinical," "laboratory," "therapeutic services," and "advanced practitioners" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

20.     ANI objects to the definition of "Health Plan" in Paragraph 23 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "commercial," "self-insured," "health insurance products," "fully insured," and "self-funded health insurance markets" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

21.     ANI objects to the definition of "Independent Health Care Provider" in Paragraph 25 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "Health Care provider or group of providers," "employed by," "owned by," and "affiliated in any way with" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this

Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any Health Care provider or group of providers" when all relevant facts can be obtained from fewer than all such sources.  ANI also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks to include information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

22.     ANI objects to the definition of "Inpatient Services" in Paragraph 26 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "general acute care services," "diagnostic and treatment services," and "overnight stay" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

23.     ANI objects to the definition of "Medical Facility" in Paragraph 27 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "any location or building" and "overnight stay" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any location or building" when all relevant facts can be obtained from fewer than "any" and all such sources.

24.     ANI objects to the definition of "Narrow Network" in Paragraph 29 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "members," "receive(s)," "laboratories," and "insurance discounts" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information or documents sought.

25.     ANI objects to the definition of "Non-Participating Rate" in Paragraph 33 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms "rate," "in-network," "participate," and "product," are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.   ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "the rate charged by any Health Care Provider" when all relevant facts can be obtained from fewer than "any" and all such sources.

26.     ANI objects to the definition of "Outpatient Services" in Paragraph 34 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "medical services" and "overnight stay" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

27.     ANI objects to the definition of "Patient Invoices" in Paragraph 35 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this

phrase appears, on the grounds that the terms and phrases "billing" and "payments" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

28.     ANI objects to the definition of "Payer" in Paragraph 36 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrases "commercial insurance providers" and "self-insured entities" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any entity" and "any patient" when all relevant facts can be obtained from fewer than "any" and all such sources.  ANI also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

29.     ANI objects to the definition of "Pricing" in Paragraph 38 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this term appears, on the grounds that the phrases "health claims," "billing codes," "claim codes," "billing information," and "claims information" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance

of the issues at stake in the Action, because it purports to include "any contract or payment-related information" when all relevant facts can be obtained from fewer than "any" and all such sources.

30.     ANI objects to the definition of "Provider Network" in Paragraph 39 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms "providers" and "members" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

31.     ANI objects to the definition of "Reference-Based Pricing" in Paragraph 40 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the phrase "reference point" is vague and ambiguous because it is undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.

32.     ANI objects to the definition of "Referral Condition" in Paragraph 41 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to encompass "any portion of any Agreement" related to referrals when all relevant facts can be obtained from fewer than all such sources.  ANI also objects to this Definition as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks to include information obtainable from some other source that is equally

available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.

33.     ANI objects to the definition of "Steering Restriction" in Paragraph 44 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "incentivize," "encourage," "utilize" "restricts the ability," "manner," "availability," "cost," and "benefit" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any clause or provision," "any way," and "any insured," when all relevant facts can be obtained from fewer than "any" and all such sources.  ANI further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

34.     ANI objects to the definition of "Tiered Network" in Paragraph 46 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this phrase appears, on the grounds that the terms and phrases "providers," "levels," and "high value" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

35.     ANI objects to the definition of "Tying Condition" in Paragraph 47 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which this

phrase appears, on the grounds that the terms and phrases "requirement," "negotiation tactic," "negotiation condition," "offer," "effect of requiring," "provider," "creates an incentive," and "wants to include" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition as overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to include "any Agreement, contract term, Pricing term, requirement, negotiation tactic, negotiation condition, and/or offer" and "any Payer" when all relevant facts can be obtained from fewer than "any" and all such sources.  ANI further objects to this Definition to the extent that it assumes disputed facts or contains legal conclusions in defining the information sought.

36.     ANI objects to the definitions of "You" or "Your" in Paragraph 48 of the "Definitions" to these Interrogatories, as well as every Interrogatory or Instruction in which these terms appear, on the grounds that the terms and phrases "predecessors, successors, subsidiaries," "departments," "divisions," "affiliates," "third-party recruiting, hiring, or headhunting firms," "officers," and "representatives" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Definition and in the Interrogatories.  ANI further objects to this Definition on the grounds that the incorporation of any or all of these terms and/or phrases into this Definition renders each Interrogatory using "ANI" overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms and/or phrases call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct

corporate entities and persons not parties to the case and not controlled by ANI.  Further, unless otherwise agreed to, ANI will not produce documents in the possession, custody, or control of ANI's attorneys or ANI's accountants, consultants, or other agents.  ANI will construe the terms "You" or "Your" in these Interrogatories to refer to Aspirus Network, Inc.

### III.    OBJECTIONS TO INSTRUCTIONS

1.      ANI objects each of the "Instructions" to these Interrogatories to the extent that they seek to impose obligations on ANI different or greater than those imposed or authorized by the Federal Rules of Civil Procedure, Local Rules, Court order, applicable case law, and/or that are contrary to and inconsistent with the Protective Order and/or ESI Agreement and Protocol entered in this Action.

2.      ANI objects to Paragraph 4 of the "Instructions" to these Interrogatories on the grounds that the terms "custody," "control," and "possession" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Instruction.  ANI further objects to this Instruction on the grounds that the incorporation of any or all of these terms and/or phrases into this Instruction renders it overbroad and unduly burdensome and not proportional to the needs of the Action, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, as such terms call for information not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this Action, and improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by ANI.  Further, unless otherwise agreed to, ANI will not produce documents in the possession, custody, or control of ANI's attorneys or ANI's accountants, consultants, or other agents.

## IV.     OBJECTION TO RELEVANT TIME PERIOD

1.      ANI objects to the Relevant Time Period, which purports to include an approximate nine-year period, as overbroad, unduly burdensome, not relevant to the claims or defenses of any Party, and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation.  Absent any agreement among the Parties stating some different time period, ANI will not produce information or documents that pre-date the four-year statute of limitations governing Plaintiffs' Sherman Act claims.  15 U.S.C. § 15(b).

## V.     SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**:

Please describe each instance in which a current or former Affiliated Provider has Communicated with You about entering into an Agreement with a Payer, including Communications relating to becoming part of a Provider Network other than ANI, including by providing (a) the name and contact information of such Affiliated Provider; (b) the date(s) of the Communication(s); (c) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (d) the name(s) of the Affiliated Provider Employee(s) or Agent(s) involved in such Communication(s); and (e) the outcome of such Communications, including whether such Affiliated Provider was granted permission or consent to enter into such an Agreement.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1**:

ANI incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  ANI specifically objects to this Interrogatory Number 1 on the grounds that the terms "each instance," "outcome," "granted," "permission," and "consent" are vague and, ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory.  ANI further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek information relating to "each [and

every] instance" in which an ANI provider has communicated with ANI about entering into an agreement with a payor or joining another provider network when all relevant facts can be obtained from fewer than each and every such "instance." ANI also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as ANI's forthcoming document productions, that will be or is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such a narrative from ANI. ANI further objects to this Interrogatory as premature to the extent it is requesting that ANI state any contention regarding any claims or defenses asserted in this Action. ANI also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, ANI responds that it intends to produce certain non-privileged documents in response to Plaintiffs' First Set of Requests for Production of Documents to ANI (the "Requests") that will satisfy this Interrogatory. Fed. R. Civ. P. 33(d). As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery. Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories. For the avoidance of doubt, ANI will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by ANI] that must be reviewed" to satisfy this Interrogatory.

**<u>INTERROGATORY NO. 2</u>**:

Please describe each instance in which You have Communicated about prices for Health Care Services (including about Reference-Based Pricing) with any Agent, Employee, or other representative of any Independent Health Care Provider, including (a) the name and contact information of such Independent Health Care Provider; (b) the date(s) of the Communication(s); (c) the name(s) of the Aspirus and/or ANI Employee(s) or Agent(s) involved in such Communication(s); (d) the name(s) of the Independent Health Care Provider's Employee(s) or

Agent(s) involved in such Communication(s); and (e) the beginning bates number of any Document reflecting or relating to such Communication(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2**:

ANI incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period. ANI specifically objects to this Interrogatory Number 2 on the grounds that the terms and phrases "each instance," "prices," "other representative," and "involved" are vague and ambiguous because they are undefined and capable of multiple interpretations as used in this Interrogatory. ANI further objects to this Interrogatory as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek information relating to "each instance" in which an ANI provider has "Communicated about prices for Health Care Services" when all relevant facts can be obtained from fewer than each and every such "instance." ANI also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information obtainable from some other source, such as ANI's forthcoming document production, that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such information in narrative form from ANI. ANI further objects to this Interrogatory as premature to the extent it is requesting that ANI state any contention regarding any claims or defenses asserted in this Action. ANI also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, ANI responds that it intends to produce certain non-privileged documents in response to Plaintiffs' Requests to ANI that will satisfy this Interrogatory. Fed. R. Civ. P. 33(d). As Plaintiffs are well

aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs'

Requests seek documents containing the same information sought by these Interrogatories.  For

the avoidance of doubt, ANI will comply with Federal Rule of Civil Procedure 33(d)(1) by

supplementing this response at the appropriate time to "specify[] the records [produced by ANI]

that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 3**:

  For any Agreement between You and any Provider that contains any Referral Condition, please provide (a) the date when any such Agreement was first used by You; (b) your Employee(s) or Agent(s) involved in the drafting, negotiation, promulgation, or enforcement of any such Agreement; and (c) the date(s) of any Communication(s) between or among You, Aspirus, and any provider of Health Care Services regarding the interpretation, drafting, negotiation, promulgation, or enforcement of any such Referral Condition.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3**:

  ANI incorporates by reference herein the foregoing General Objections, Objections to

Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  ANI

specifically objects to this Interrogatory Number 3 on the grounds that the terms and phrases "first

used," "drafting," "negotiation," "provider," "promulgation," "enforcement," and "interpretation"

are vague and ambiguous because they are undefined and capable of multiple interpretations as

used in this Interrogatory.  ANI further objects to this Interrogatory as overbroad and unduly

burdensome and not proportional to the needs of the Action taking into account the needs of the

case, the amount in controversy, and the importance of the issues at stake in the Action, because it

purports to seek information relating to "any [and all] Agreement[s]" that contain any information

relating to referrals when all relevant facts can be obtained from fewer than each and every such

document.  ANI also objects to this Interrogatory as overbroad, unduly burdensome, cumulative,

and duplicative to the extent that it seeks information obtainable from some other source, such as

ANI's forthcoming document production, that is or will be equally available to Plaintiffs and is

more convenient, less burdensome, or less expensive than seeking such information in narrative form from ANI.  ANI further objects to this Interrogatory as premature to the extent it is requesting that ANI state any contention regarding any claims or defenses asserted in this Action.  ANI also objects to the extent this Interrogatory contains subparts that are more appropriately considered separate interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Without waiving and subject to the foregoing general and specific objections, ANI responds that it intends to produce certain non-privileged documents in response to Plaintiffs' Requests to ANI that will satisfy this Interrogatory.  Fed. R. Civ. P. 33(d).  As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories.  For the avoidance of doubt, ANI will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by ANI] that must be reviewed" to satisfy this Interrogatory.

**INTERROGATORY NO. 4**:

Please provide the names and contact information for all Affiliated Providers in the ANI Provider Network, by year.

**RESPONSE TO INTERROGATORY NO. 4**:

ANI incorporates by reference herein the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period.  ANI specifically objects to this Interrogatory Number 4 as overbroad and unduly burdensome and not proportional to the needs of the Action taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the Action, because it purports to seek "names and contact" information relating to "all Affiliated Providers in the ANI Provider Network" when all relevant facts can be obtained from fewer than each and every such document.

ANI also objects to this Interrogatory as overbroad, unduly burdensome, cumulative, and duplicative to the extent that it seeks information that is publicly available or obtainable from some other source that is equally available to Plaintiffs and is more convenient, less burdensome, or less expensive than seeking such documents from ANI.   ANI further to this Request as unduly burdensome to the extent that it purports to require ANI to create a document or provide a compilation, abstract, audit, and/or other document summary that does not currently exist or can be assembled by Plaintiffs with substantially the same effort as it would require of ANI.   ANI further objects to this Interrogatory as premature to the extent it is requesting that ANI state any contention regarding any claims or defenses asserted in this Action.

Without waiving and subject to the foregoing general and specific objections, ANI responds that the name and contact information for current ANI-affiliated physicians and advance practice clinicians is available in ANI's public business records at the following domain: https://www.aspirus.org/find-a-provider.  Fed. R. Civ. P. 33(d)(1).  ANI further responds that it intends to produce certain non-privileged documents in response to Plaintiffs' Requests to ANI that will satisfy this Interrogatory.  Fed. R. Civ. P. 33(d).  As Plaintiffs are well aware, the parties are currently negotiating the scope of document discovery.  Many of Plaintiffs' Requests seek documents containing the same information sought by these Interrogatories.  For the avoidance of doubt, ANI will comply with Federal Rule of Civil Procedure 33(d)(1) by supplementing this response at the appropriate time to "specify[] the records [produced by ANI] that must be reviewed" to satisfy this Interrogatory.

Dated:  October 6, 2023

Respectfully submitted,

/s/  Zachary M. Johns
Zachary M. Johns (*pro hac vice*)
R. Brendan Fee (*pro hac vice*)
Vincent C. Papa (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
T:  215-963-5000
F:  215-963-5001
brendan.fee@morganlewis.com
zachary.johns@morganlewis.com
vincent.papa@morganlewis.com

Kenneth M. Kliebard (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL  60606-1511
T:  312-324-1000
F:  312-324-1001
kenneth.kliebard@morganlewis.com

Ryan Kantor (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
T:  202-739-3000
F:  202-739-3001
ryan.kantor@morganlewis.com

Daniel Conley
Nathan Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
(414) 277-5000
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin  53703
(608) 251-5000
matthew.splitek@quarles.com

*Attorneys for Defendants*
*Aspirus, Inc. and Aspirus Network, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2023, a true and correct copy of the foregoing was served by electronic mail upon counsel for Plaintiffs Team Schierl Companies and Heartland Farms, Inc.

Dated:  October 6, 2023                    <u>*/s/ Zachary M. Johns*</u>
                                                          Zachary M. Johns