# Connie Lozano

| | |
|---|---|
| **Subject:** | FW: Aspirus: Interrogatories to Aspirus and ANI |

**From:** Naik, Amar S. <amar.naik@morganlewis.com>
**Sent:** Wednesday, October 18, 2023 4:23 PM
**To:** Daniel J. Walker <dwalker@bm.net>; Robert Berry <rberry@bm.net>
**Cc:** Johns, Zachary M. <zachary.johns@morganlewis.com>; Kantor, Ryan M. <ryan.kantor@morganlewis.com>; Fee, R. Brendan <brendan.fee@morganlewis.com>; Papa, Vincent C. <vincent.papa@morganlewis.com>; Hoak, Ryan <ryan.hoak@morganlewis.com>; Splitek, Matthew J. <matthew.splitek@quarles.com>
**Subject:** RE: Aspirus: Interrogatories to Aspirus and ANI

Dan,

Our team is currently available next Tuesday at 4:00 pm ET. If that time doesn't work for you, please provide us with some alternatives for us to consider.

Best,
Amar


**Amar S. Naik**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105-1596
Direct: +1.415.442.1103 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
amar.naik@morganlewis.com | www.morganlewis.com

Pronouns: He/Him/His



**From:** Daniel J. Walker <dwalker@bm.net>
**Sent:** Tuesday, October 17, 2023 5:07 PM
**To:** Naik, Amar S. <amar.naik@morganlewis.com>; Robert Berry <rberry@bm.net>
**Cc:** Johns, Zachary M. <zachary.johns@morganlewis.com>; Kantor, Ryan M. <ryan.kantor@morganlewis.com>; Fee, R. Brendan <brendan.fee@morganlewis.com>; Papa, Vincent C. <vincent.papa@morganlewis.com>; Hoak, Ryan <ryan.hoak@morganlewis.com>; Splitek, Matthew J. <matthew.splitek@quarles.com>; #Aspirus <aspirus@bm.net>
**Subject:** RE: Aspirus: Interrogatories to Aspirus and ANI

[EXTERNAL EMAIL]
Amar,

1

Since this week is not available for your team, let us know some times early next week that work.

Thanks,

Dan

**Daniel J. Walker** / *Shareholder*
 202.559.9745    206.883.8808

  

2001 PENNSYLVANIA AVE., NW, SUITE 300
WASHINGTON, DC 20006

---

**From:** Naik, Amar S. <amar.naik@morganlewis.com>
**Sent:** Tuesday, October 17, 2023 8:02 PM
**To:** Robert Berry <rberry@bm.net>; Daniel J. Walker <dwalker@bm.net>
**Cc:** Johns, Zachary M. <zachary.johns@morganlewis.com>; Kantor, Ryan M. <ryan.kantor@morganlewis.com>; Fee, R. Brendan <brendan.fee@morganlewis.com>; Papa, Vincent C. <vincent.papa@morganlewis.com>; Hoak, Ryan <ryan.hoak@morganlewis.com>; Splitek, Matthew J. <matthew.splitek@quarles.com>; #Aspirus <aspirus@bm.net>
**Subject:** RE: Aspirus: Interrogatories to Aspirus and ANI

Bob,

We write in response to your October 12 email regarding Aspirus, Inc.'s ("Aspirus") and Aspirus Network, Inc.'s ("ANI") (together, "Defendants") responses to Plaintiffs' First Sets of Interrogatories to Defendants (the "Interrogatories").

Plaintiffs' positions regarding Defendants' Interrogatory responses and objections are not supported by case law or grounded in facts.  As explained below, Defendants' responses and objections comply with the Federal Rules of Civil Procedure (including Rule 33(d)) for multiple reasons.  In all events, Plaintiffs' arguments are premature and not yet ripe—Defendants' responses to Plaintiffs' Interrogatories expressly state Defendants' intention to supplement their responses should relevant information become available during document discovery.

As a threshold matter, Defendants objected to each Interrogatory on burden, proportionality, and on the basis that information will soon be available to Plaintiffs from which responses to these broad Interrogatories can be derived.  Your email, however, does not address these objections or otherwise seek to narrow your overbroad and burdensome Interrogatories.

As your email recognizes, Rule 33(d) provides a responding party with the option to answer an interrogatory by specifying documents if "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ." Fed. R. Civ. P. 33(d).  As you point out, the use of Rule 33(d) is appropriate where, as here, an Interrogatory makes broad inquiries and numerous documents must be consulted to ascertain facts." It is the propounding party's burden to "make a *prima facie* showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons."  *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002).

2

Given the nature of Plaintiffs' Interrogatories and their overlap with Plaintiffs' first sets of requests for production ("RFPs"), Defendants' reliance on Rule 33(d) is appropriate.  Contrary your suggestion, Plaintiffs' Interrogatories are not simple "go-gets" requiring "straightforward descriptions."  Rather, many purport to require examining virtually all of Defendants' communications concerning payor and provider contracting and synthesizing the results to identify specific dates, people, and events.  Subject to the parties' agreements concerning document discovery that we are actively negotiating in parallel, Defendants anticipate producing relevant, non-privileged communications in response to Plaintiffs' RFPs that cover these topics.  Thus, Rule 33(d) is a proper mechanism to satisfy Plaintiffs' Interrogatories at this juncture because the burden of deriving or ascertaining the answers to Plaintiffs' Interrogatories based on those document productions will "be substantially the same for either party." Fed. R. Civ. P. 33(d).  And, as stated in Defendants' Interrogatory responses, Defendants intend to supplement their responses to identify specific documents pursuant to Rule 33(d) at the appropriate time.  Under these circumstances, Plaintiffs simply cannot make a *prima facie* showing that "the use of Rule 33(d) is somehow inadequate."  *Elfindepan*, 206 F.R.D. at 576.

Indeed, your email fails to raise any actual deficiencies with Defendants' use of Rule 33(d), and instead resorts to unfounded, inaccurate, or incomplete statements about the status of discovery in this action.  For example, you suggest that Defendants should provide some form of a written response now to Interrogatory No. 1 to ANI because Defendants are aware of "at least some instances in which Affiliated Providers have communicated with ANI about entering into an Agreement with a Payer."  But, as Plaintiffs well know, Defendants' document review has not gotten underway due to ongoing negotiations over search terms, custodians, relevant time periods, and the scope of Plaintiffs' overbroad and overlapping RFPs.  Although the parties have reached partial agreement on certain of these issues, Defendants are currently waiting for Plaintiffs to, for example, clarify the scope of their RFPs, offer time periods for certain custodians, and agree on remaining search terms.  Given these open issues, it would be inefficient for Defendants to provide any incomplete response now, only then to supersede that work with a Rule 33(d) response once Defendants have had an opportunity to see what information is contained within their internal documents.  Indeed, the entire point of Rule 33(d) is to avoid that unnecessary exercise. Fed. R. Civ. P. 33, commentary to 1970 amendment.

Additionally, you incorrectly assert that Defendants "likely will not" provide any substantive documents "for multiple months."  This speculation is not based on any facts and overlooks the good progress the parties have made on discovery negotiations.  True to our representations, Defendants will begin producing documents as soon as reasonably possible.

Further, your email misconstrues at least two other aspects of Rule 33(d).  For example, your letter suggests that Rule 33(d) is something that requires Plaintiffs approval (i.e., "Even were Plaintiffs to agree to a Rule 33(d) production . . . .").  But Rule 33(d) "is optional with the **party on whom the interrogatory is served**." Fed. Prac. & Proc. Civ. § 2178 (3d ed.) (emphasis added).  In other words, Plaintiffs cannot decide whether Defendants elect to use Rule 33(d) to respond to an interrogatory.  Further, Rule 33(d) "does not require documents to be identified by Bates-stamp, only that the documents be clearly identified."  *See Contl. Ins. v. Chase Mtg. Corp.*, 59 F. App'x 830, 838 (7th Cir. 2003); *see also Art Akiane LLC. v. Art & SoulWorks LLC*, No. 19 C 2952, 2020 WL 5604064, at *4 (N.D. Ill. Sept. 18, 2020).

Separately, your criticism of ANI's response to Interrogatory No. 4 lacks merit for several reasons.  First, the website referenced in ANI's response includes the requested names and contact information for all current ANI-affiliated physicians and advance practice clinicians.  The website also describes whether each provider is an Aspirus provider and/or a member of the ANI network, which means any Aspirus providers are distinguishable from non-Aspirus providers that are members of ANI.  Further, although Plaintiffs assert that this website is deficient because it "does not specify whether it lists affiliated providers, clinically integrated providers, or none of the above," Interrogatory No. 4 does not request that type of specificity (e.g., "Please provide the names and contact information for all Affiliated Providers in the ANI Provider Network, by year"), and ANI is unaware of any case law requiring it to respond to interrogatories that Plaintiffs did not ask.  To the extent Plaintiffs complain that the website is deficient because it does not contain historical information, ANI has made clear in its response to Interrogatory No. 4 that it "intends to produce certain non-privileged documents in response to Plaintiffs' Requests to ANI that will satisfy" the request.  For avoidance of doubt, that includes relevant, non-privileged documents that hit on the agreed upon search terms showing the names and contact information for ANI providers dating back to October 11, 2018.

Finally, Defendants' objections to the purported relevant time period are not boilerplate; rather, they are pertinent given that Plaintiffs' Interrogatories request information dating back to January 1, 2014.  As discussed in the context of Plaintiffs' RFPs, a time period starting on January 1, 2014 is overbroad, unduly burdensome, not proportional to the needs of the case, and lacks any factual basis grounded in the Complaint.  Defendants propose the same time period governing Plaintiffs' RFPs—October 11, 2018 to October 12, 2022.

Please let us know if you have further questions on these topics.  Members of our team are traveling and unavailable this week to meet and confer, but we will have better availability starting the week of 10/23.

Best,
Amar


**Amar S. Naik**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105-1596
Direct: +1.415.442.1103 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
amar.naik@morganlewis.com | www.morganlewis.com

Pronouns: He/Him/His



---

**From:** Robert Berry <rberry@bm.net>
**Sent:** Thursday, October 12, 2023 9:16 AM
**To:** Johns, Zachary M. <zachary.johns@morganlewis.com>; Daniel J. Walker <dwalker@bm.net>
**Cc:** Steen, Nicky <nicky.steen@morganlewis.com>; Papa, Vincent C. <vincent.papa@morganlewis.com>; Fee, R. Brendan <brendan.fee@morganlewis.com>; Splitek, Matthew J. <matthew.splitek@quarles.com>; Naik, Amar S. <amar.naik@morganlewis.com>; #Aspirus <aspirus@bm.net>
**Subject:** RE: Aspirus: Interrogatories to Aspirus and ANI

[EXTERNAL EMAIL]
Hello Zak,

For every interrogatory (1 through 7 to Aspirus; 1 through 4 to ANI) Defendants provide no response at all, simply stating that you will rely on Rule 33(d) to produce documents that will satisfy the interrogatories. This is not an adequate response.

The majority of Plaintiffs' requests do not call for data compilations or analyses as contemplated by the Rule, but rather are "go-gets" requiring straightforward descriptions from Defendants. "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate" when the interrogatory goes beyond objectivity and into judgment. *Rodriguez v. Bausch & Lomb, Inc.,* 2010 WL 11507471 at *2 (M.D. Fla. Apr. 12, 2010) (citation omitted). *See also SEC v. Elfindepan, SA,* 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) is "intended to be used in the situation where an interrogatory makes broad inquiries and numerous

documents must be consulted to ascertain facts, such as identities, quantities, data, action, tests, results, etc."); *United States ex rel. Fischer v. Cmty. Health Network, Inc.*, 2023 WL 4577445 at *3 (S.D. Ind. Mar. 14, 2023) (noting that Rule 33(d)'s burden requirement is not met when working beyond "simple business records like solitary issue spreadsheets or tax returns, where both parties can navigate the information in the same manner and with the same level of difficulty.").

Rule 33(d)'s "option to produce business records in response to an interrogatory request is only available where 'the burden of deriving or ascertaining the answer will be substantially the same for either party.'" *Kadambi v. Express Scripts, Inc.,* 2015 WL 10985383 at *4 (N.D. Ind. July 14, 2015) (quoting Fed. R. Civ. P. 33(d)). *See also id.* at *4 ("As this Court has noted previously, '[i]t is well established that an answer to an interrogatory must be responsive to the question [and] should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.'") (citation omitted). Defendants have had access to their clients' agents and employees for months now, with Plaintiffs' first sets of Requests for Production being served on June 5, 2023. It is inconceivable that Defendants are not now able to, for example, describe at least *some* instances in which Affiliated Providers have communicated with ANI about entering into an Agreement with a Payer (as per Interrogatory No. 1 to ANI). It is grossly inefficient for Defendants to delay responding to these interrogatories for months until a hypothetical future document production.

Even were Plaintiffs to agree to a Rule 33(d) production on, for example, contact information (E.g., Interrogatory No. 2 to Aspirus, Interrogatory No. 4 to ANI), Rule 33(d) contemplates "at a minimum, identification of specific pages, by Bates number, from which the interrogating party can locate and identify the responsive information as readily as the responding party could." *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145 at *14 fn. 8 (S.D. Ind. Oct. 18, 2021). Defendants have provided no substantive documents to Plaintiffs at this point, and likely will not do so for multiple months, despite already having had over four months to investigate the claims. *See, e.g., United States ex rel. Fischer,* 2023 WL 4577445 at *4 ("When a responding party invokes Rule 33(d)'s option ... he still has a duty to supply all the information requested and cannot avoid answers by producing documents in which the information may or may not be found.") (citation omitted).

Beyond Defendants' incorrect reliance on Rule 33(d), ANI's response to Interrogatory No. 4 to ANI is deficient. The website ANI cites (https://www.aspirus.org/find-a-provider) does not specify whether it lists affiliated providers, clinically integrated providers, or none of the above. Indeed, it appears to be a patient-facing resource to locate physicians, and does not "provide the names and contact information for all Affiliated Providers in the ANI Provider Network, by year" as Interrogatory No. 4 to ANI requests.

Finally, Defendants repeat boilerplate objections to relevant time period in both sets of responses & objections. Please specify whether you are willing to extend your time period proposal pending from the RFP discussion to these interrogatories (October 11, 2018 to October 12, 2022).

We cannot accept these deficient responses. Indeed, information from these responses was intended to guide some of the ongoing party and nonparty document discovery, and your refusal to provide any good faith answer is prejudicing our ability to conduct discovery. Consequently, we intend to move to compel full answers on an abbreviated timeline if you cannot provide proper answers promptly. Please provide us with the times you are available to meet and confer on these issues early next week.

Best,

Bob

**Robert Berry** / *Associate*

215.875.3058    267.637.2567



1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

**From:** Johns, Zachary M. <zachary.johns@morganlewis.com>
**Sent:** Friday, October 6, 2023 4:48 PM
**To:** Daniel J. Walker <dwalker@bm.net>; Robert Berry <rberry@bm.net>
**Cc:** Steen, Nicky <nicky.steen@morganlewis.com>; Papa, Vincent C. <vincent.papa@morganlewis.com>; Fee, R. Brendan <brendan.fee@morganlewis.com>; Splitek, Matthew J. <matthew.splitek@quarles.com>
**Subject:** RE: Aspirus: Interrogatories to Aspirus and ANI

Counsel,

Please see the attached.

Thank you,
-Zak

**Zachary M. Johns**
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA  19103-2921
Office: +1.215.963.5340 | Mobile Call/Text: +1.610.585.6524 | Fax:+1.215.963.5001
zachary.johns@morganlewis.com| www.morganlewis.com
Assistant: Karen L. Goldsboro |+1.215.963.5880 | karen.goldsboro@morganlewis.com



**From:** Daniel J. Walker <dwalker@bm.net>
**Sent:** Wednesday, September 06, 2023 11:56 AM
**To:** Johns, Zachary M. <zachary.johns@morganlewis.com>; Steen, Nicky <nicky.steen@morganlewis.com>; Papa, Vincent C. <vincent.papa@morganlewis.com>; Fee, R. Brendan <brendan.fee@morganlewis.com>; Splitek, Matthew J. <matthew.splitek@quarles.com>
**Cc:** #Aspirus <aspirus@bm.net>
**Subject:** Aspirus: Interrogatories to Aspirus and ANI

[EXTERNAL EMAIL]
Counsel:

Please find attached and served upon you, Plaintiffs' First Set of Interrogatories to Aspirus, Inc. and Plaintiffs' First Set of Interrogatories to ANI.

Best,

Dan

**Daniel J. Walker** / *Shareholder*

📞 202.559.9745   📱 206.883.8808

 

📍 2001 PENNSYLVANIA AVE., NW, SUITE 300
　WASHINGTON, DC 20006

*-**External sender. Please use caution when clicking on any attachments or links** -*
*-**External sender. Please use caution when clicking on any attachments or links** -*
*-**External sender. Please use caution when clicking on any attachments or links** -*