UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TEAM SCHIERL COMPANIES and HEARTLAND FARMS, INC., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASPIRUS, INC. and ASPIRUS NETWORK, INC.,<br><br>*Defendants*. | Civil Action No. 3:22-cv-00580-jdp<br><br>Honorable James D. Peterson, U.S.D.J.<br>Honorable Stephen L. Crocker, U.S.M.J. |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

Defendants, Aspirus, Inc. ("Aspirus") and Aspirus Network, Inc. ("ANI"), submit this Supplemental Brief in Opposition to Plaintiffs' Motion to Compel pursuant to the Court's January 8, 2024 Order, Dkt. No. 59. As discussed in Defendants' opposition to Plaintiffs' motion seeking to compel "full" responses to Plaintiffs' First Set of Interrogatories ("Interrogatories"), Dkt. No. 57, Plaintiffs' Interrogatories are precisely the type of overly burdensome and disproportional discovery that the drafters of Federal Rule of Civil Procedure 26 sought to preclude. *See Banks v. Baraboo Sch. Dist.*, No. 20-cv-36, 2020 WL 5751415, at *3 (W.D. Wis. Sept. 25, 2020) (Crocker, M.J.) (discussing how "[t]he 2015 amendments to Rule 26(b)(1) returned the concept of proportionality to that Rule (from 26(b)(2)(c)(iii)) in order to emphasize its importance"). Indeed, there is simply no reasonable (let alone proportional) way to respond to Plaintiffs' exceedingly broad Interrogatories seeking narrative descriptions of, for example, "each instance" in which Defendants discussed payor contracting with their providers, patient referrals with their providers, or the purchase or sale of medical facilities short of a full-blown document review. *See* Dkt. Nos.

54-1, 54-2. Plaintiffs' motion should be denied for this reason alone. Plaintiffs have also failed to address Defendants' various other objections as well as Defendants' representations by that Defendants have not yet identified responsive information to certain of the Interrogatories.

Beyond these oversights, Plaintiffs' motion still fails because Defendants have properly invoked Federal Rule of Civil Procedure 33(d). As of the date of this filing, Defendants have supplemented their Interrogatory responses twice and have identified specific documents from Defendants' rolling productions from which answers to certain of the Interrogatories can be ascertained. Dkt. No. 58-2 (Defendants' first set of supplemental responses and objections to Plaintiffs' Interrogatories); Ex. "A" (Defendants' second set of supplemental responses and objections to Plaintiffs' Interrogatories). Because "the answer[s] to [Plaintiffs' Interrogatories] can be derived from business records, and the burden [of] ascertaining [those] answer[s] would fall substantially equally to either party," Rule 33(d) is proper, and Plaintiffs' motion should be denied for this additional reason. *Soto v. White*, No. 17-cv-551, 2018 WL 4838231, at *1 (W.D. Wis. Oct. 4, 2018) (Peterson, J.).

Defendants have now reviewed hundreds of thousands of custodial documents, which were culled using the parties' agreed upon search methodology to address Plaintiffs' 128 overlapping requests for the production of documents ("RFPs"), and have made nine productions totaling approximately 22,000 documents. Dkt. No. 57 at 5-7 (summarizing the complete overlap among Plaintiffs' discovery requests). More productions are forthcoming. In addition, Defendants have collected and are in the process of reviewing a substantial volume of non-custodial documents (including from Defendants' network drives), and have provided multiple comprehensive voluntary disclosures to Plaintiffs responding to informal requests regarding Defendants' non-custodial and structured data. These ongoing discovery efforts further confirm that providing the

detailed narrative responses to Plaintiffs' Interrogatories that Plaintiffs ask this Court to order would be a herculean task that is extremely burdensome, expensive, and, in all events, not proportional to the needs of the case.

By way of only two examples (and there are several more), Defendants' recent discovery efforts further confirm that providing narrative responses to Interrogatory No. 7 to Aspirus and Interrogatory No. 1 to ANI—demanding that Defendants describe each and every instance in which either Defendant has discussed payor contracting with any health care provider that is or was affiliated with ANI over a several year period, Dkt. No. 54-1 at 8; Dkt. No. 54-2 at 8—would require extraordinary time and expense and the answers can be derived from Defendants' rolling document productions. Defendants have agreed to run several broad search terms through seventeen document custodians' files that relate to payor contracting, which have turned up thousands upon thousands of potentially responsive documents. So far, these search terms have led to the production of more than 12,000 documents that relate to Defendants' payor contracting and Defendants expect to produce potentially several times that number by the time their document productions are complete.[1] And that search term-driven review and production continues. Defendants should not be compelled to scour through each of these files to prepare the type of narrative responses called for by Plaintiffs' Interrogatories. Doing so would be extraordinarily burdensome, time-consuming, and costly, and would not lead to the discovery of any new or additional information that Plaintiffs cannot already access from the documents themselves.

---

[1] Many of these documents identify and provide the contact information (e.g., names and email addresses) for Aspirus and ANI employees who were responsible for negotiating contracts with payors, which Defendants have identified as responsive to Aspirus Interrogatory No. 2 (Dkt. No. 54-1) in their supplemental interrogatory responses. Ex. "A." Such documents include meeting minutes from ANI's Payor Contracting Committee, which identify the names and email addresses of individuals who are responsible for evaluating and approving ANI's payor contracts and summarize the substance of the payor negotiations.

Plaintiffs are also wrong to the extent they ask the Court to order that Defendants conduct and report on multiple privileged interviews in the hopes of streamlining Plaintiffs' review of the thousands of documents that Plaintiffs requested.  Indeed, Plaintiffs have gone as far as to suggest that their Interrogatories require Defendants to interview all former and current employees of either Defendant to provide a narrative description of "'each instance' of a particular event occurring." Dkt. No. 53 at 8.  But Plaintiffs have provided no authority (and Defendants are aware of none) requiring Defendants to interrogate each and every current or former employee for information potentially responsive to the Interrogatories and then draft detailed narratives synthesizing the results of those discussions.  Plaintiffs will have the opportunity to take the depositions of fact witnesses to discuss "each instance" of "a particular event occurring," Dkt. No. 53 at 8, and the Court should reject Plaintiffs' attempt to have Defendants do their homework for them via Interrogatories.

To the extent Defendants are required to respond to Plaintiffs' Interrogatories, Rule 33(d) is the only feasible (while still immensely burdensome) way to do so, and Defendants have properly invoked the document identification method permitted under the Rule.  With several months of fact discovery remaining, Defendants have already produced more than 20,000 documents and will continue to produce thousands more in regular intervals.  Of the documents produced, Defendants have identified more than 1,000 documents that are likely responsive to Plaintiffs' Interrogatories and Defendants will continue to supplement their responses, consistent with their obligations under the Federal Rules of Civil Procedure.  Defendants have not indiscriminately cited documents in their Interrogatory responses, instead they have clearly identified each of these documents by Bates number and categorized them by corresponding request.  Ex. "A"; *see Craftwood Lumber Co. v. Essedant, Inc.*, No. 16-cv-4321, 2017 WL

11570800, at *5 (N.D. Ill. Mar. 10, 2017) (approving the use of Rule 33(d) where, among other things, "[t]he documents [were] identified by Bates-number and [were] categorized into distinct groups"). The "burden of deriving the answer[s]" to Plaintiffs' Interrogatories from these documents is "substantially the same for either party." Fed. R. Civ. P. 33(d); *Soto*, 2018 WL 4838231, at *1. Accordingly, Defendants have made proper use of Rule 33(d) thus far and will continue to do so by identifying additional documents that are responsive to the Interrogatories (to the extent any such documents exist and the Court so requires).

For these reasons, as well as for the reasons stated in Defendants' opposition brief (Dkt. No. 57), Plaintiffs' Motion to Compel (Dkt. No. 52) should be denied.

Dated: January 19, 2024                                 Respectfully submitted,

*/s/ R. Brendan Fee*
R. Brendan Fee (*pro hac vice*)
Zachary M. Johns (*pro hac vice*)
Vincent C. Papa (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA  19103-2921
T:  215-963-5000
brendan.fee@morganlewis.com
zachary.johns@morganlewis.com
vincent.papa@morganlewis.com

Kenneth M. Kliebard (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL  60606-1511
T:  312-324-1000
kenneth.kliebard@morganlewis.com

Ryan Kantor (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
T:  202-739-3000
ryan.kantor@morganlewis.com

Daniel Conley
Nathan Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
T: 414-277-5000
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703
T: 608-251-5000
matthew.splitek@quarles.com

*Attorneys for Defendants*
*Aspirus, Inc. and Aspirus Network, Inc.*