IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TEAM SCHIERL COMPANIES and
HEATLAND FARMS, INC.,

                                    Plaintiffs,                              OPINION and ORDER

        v.
                                                                             22-cv-580-jdp
ASPIRUS, INC.
and ASPIRUS NETWORK, INC.,

                                    Defendants.

---

     This proposed class action concerns alleged antitrust violations in the healthcare industry. Before the court is defendants' motion to compel plaintiffs' responses to defendants' interrogatories and requests for admission. Dkt. 116. The disputed information falls into three categories defendants contend are important to class certification and the merits of plaintiffs' claims. Dkt. 117 at 11. For the reasons below, the motion is GRANTED in part and DENIED in part.


BACKGROUND

     Plaintiffs Team Schierl Companies and Heartland Farms, Inc. are self-insured employers that purchase healthcare services from defendants Aspirus, Inc. and Aspirus Network, Inc. Dkt. 1 at 14. Plaintiffs allege that defendants have obtained a large share of the healthcare market in north-central Wisconsin through multiple kinds of anticompetitive conduct in violation of Sections 1 and 2 of the Sherman Act. *Id.* at 1. Plaintiffs also assert class action allegations. Dkt. 1 at 41.

Discovery has been open for over 18 months, Dkt. 35, and the court has already weighed in on some discovery issues, Dkt. 115 & Dkt. 140.  The parties' most recent dispute concerns: (1) information about a funding agreement for one of plaintiffs' firms;[1] (2) information about the factual basis for plaintiffs' allegations and theories of anticompetitive conduct;[2] (3) and information clarifying the alleged geographic and product market scope.[3] Dkt. 117 at 10–11.

## LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  In the class-certification context, information is relevant if it provides answers to the questions common to plaintiffs' claims or if it bears on the other Rule 23(b)(3) requirements.  *Drake v. Aerotek, Inc.*, No. 14-cv-216-bbc, 2014 WL 7408715, at *3 (W.D. Wis. Dec. 30, 2014).

---

[1] Defendants' interrogatories nos. 2 and 4.  Dkt. 119-1 at 11.
[2] Defendants' interrogatories nos. 1–4, 6, 7, and 11–22.  Dkt. 119-11 & 119-12.
[3] Defendants' requests for production nos. 1–145.  Dkt. 119-14.

ANALYSIS

The court addresses the three categories of discovery identified in defendants' motion in turn.

## A.  The Funding Agreement

Defendants seek information about the funding one of plaintiffs' law firms receives from Arnold Ventures (Ventures), an LLC founded by Texas billionaire John Arnold, and any other funders not listed in the litigation funding agreement and privilege log that have been produced.  Dkt. 117 at 13.  Defendants argue that Ventures' outspoken goal of reforming health care through class action litigation may conflict with the goals of potential class members.  *Id.* at 14.  Defendants reason that the funders may steer the litigation strategy towards sought-after policy outcomes instead of the best interests of the proposed class.  *Id.* at 15.

Plaintiffs counter that they have already produced the full agreement between the one law firm and Ventures, and that the agreement states that Ventures cannot exercise any control over this litigation.  Dkt. 136-1 at 10.  Thus, plaintiffs argue, additional information is irrelevant, citing *In re Hair Relaxer Marketing Sales Practices and Product Liability Litigation*, No. 23-cv-0818, 2024 WL 2133171 (N.D. Ill. April 9, 2024) and other cases.  Dkt. 134 at 10.

Plaintiffs have the better argument.  Rule 26 permits the discovery of any nonprivileged material that is relevant to any claim or defense.  Here, the relevant funding agreement has been produced, and it states that Ventures is contractually barred from having "any control or input over the litigation decisions" for this case.  Dkt. 136-1 at 10.  The court is not persuaded that further discovery on this matter would bear on any of the claims or defenses or otherwise undermine the already-produced funding agreement.  The cases defendants rely upon do not

offer much help on this point, as they concern fee and retainer agreements between named parties and their lawyers, not non-party litigation funding agreements.  *See Dixon v. Jefferson Capital Sys., LLC*, No. 19-cv-02457, 2020 WL 9607902 (S.D. Ind. Nov. 23, 2020); *Norem v. Lincoln Benefit Life Co.*, No. 10 C 02233, 2011 WL 13555176 (N.D. Ill. June 14, 2011); *Epstein v. Am. Rsrv. Corp.*, No. 79 C 4767, 1985 WL 2598 (N.D. Ill. Sept. 18, 1985).  Moreover, plaintiffs are represented by other additional law firms, which are not party to the Ventures funding agreement.  Dkt. 134 at 12; *see also* Dkt. 136-3 at 3 (excerpting the agreement between the law firm and Ventures).

Because the requested information is irrelevant to the claims, defenses, and class certification in this case, the court DENIES the portion of defendants' motion related to plaintiffs' law firm's funding arrangements.

**B.  Factual Bases for Plaintiffs' Allegations**

Defendants seek information about the factual bases for plaintiffs' allegations and theories of anticompetitive conduct.  Dkt. 117 at 6.  The dispute concerning these topics is less about the subject matter of the requests and more about their numerosity.  Specifically, defendants have collectively served forty-three interrogatories, and plaintiffs say that exceeds the limit.

Defendants argue that Federal Rule of Civil Procedure 33 entitles each party, not each side, to twenty-five interrogatories, and so the forty-three interrogatories they have served are well within the limit of fifty to which they are collectively entitled.  *Id.* at 18.  Defendants contend they are not "acting in unison" because the interrogatories served by each party seek information specific to each parties' alleged practices.  *Id.* at 19.  Alternatively, defendants request leave of the court to serve additional interrogatories in excess of Rule 33's twenty-five-

interrogatory limit.  *Id.*  Defendants argue additional interrogatories are relevant to the claims and proportional to the needs of this large, complex case.  *Id.* at 20.

Plaintiffs raise several objections.  They primarily argue that courts routinely treat separate parties as one party for the purpose of assessing Rule 33's restrictions when, as here, the parties are represented by the same counsel, act in unison, and seek information for use by both defendants.  Dkt. 134 at 16–17 (citing *Council of Blind Metro. Chicago v. City of Chicago*, No. 19-cv-6322, 2021 WL 5140475, at *1 (N.D. Ill. Nov. 4, 2021)).  Next, they alternatively argue that defendants' request to expand Rule 33's limit should be denied as untimely because defendants moved the court after the agreed-upon deadline to serve interrogatories.  *Id.* at 18–19.  Plaintiffs contend that granting leave now will prejudicially burden them.  *Id.* at 19.  Finally, plaintiffs argue that, even if the court finds the request timely, it should still deny it because the interrogatories are duplicative, overbroad, premature, impermissibly seeking expert opinion, and unsupported by a showing of particularized need.  *Id.* at 20–22.

The court addresses each argument, beginning by dispensing with the various non-Rule 33 objections.  *Id.*  First, the requests are not untimely because, as plaintiffs concede, *id.* at 19, defendants served the interrogatories on the July 12 deadline, and the subsequent filing of this motion does not undermine defendants' procedural compliance.  In fact, plaintiffs acknowledge that the parties were meeting and conferring after July 12 but before the motion was filed, *id.*, which is proper and expected.  Fed. R. Civ. P. 37(a)(1).  Defendants' motion is not premature either.  "Substantial discovery has taken place" over the last eighteen months, *In re H&R Block Mrtg. Corp., Prescreening Litig.*, 2006 WL 3692431, at *4 (N.D. Ind. Dec. 13, 2006), and plaintiffs should be in a position to provide fulsome responses at this point.  Finally, the court finds that the requests generally seek relevant information and are neither impermissibly

overbroad nor duplicative despite some overlap with previously served interrogatories and their broad scope.  The court does see how some of the interrogatories may touch on expert opinion, but for those requests, plaintiffs need only respond to the best of their abilities before expert reports are due and then supplement their responses after the deadline for expert disclosures.

Moving on, the court does not see Rule 33 as a barrier to the propounded interrogatories.  Rule 33(a)(1) states that "a party" may serve no more than twenty-five interrogatories.  If this per-party default was unacceptable, the parties could have specified a per-side rule in their Rule 26(f) report, like they did for requests for admissions.  Dkt. 32 at 12–13.  Instead, their Rule 26(f) report defers possible expansion of Rule 33's limits but does not explicitly interpret the rule to apply to each side as opposed to each party.  *Id.*

Regardless, even if the default rule did not apply, the court finds that the scope and complexity of this case warrants more expansive discovery than typical.[4]  This is a putative class action alleging multiple theories of federal antitrust violations, involving multiple plaintiffs and defendants, and engaging dozens of lawyers.  Discovery has been ongoing for almost two years and is open for another six months.  *See* Dkts. 35 & 115 (setting the initial schedule and amending to the current schedule).  The scope of the third-party discovery alone persuades the court that additional interrogatories beyond the typical twenty-five limit is not unreasonable.

The caselaw on which plaintiffs rely affirms that a court's decision to group parties together is permissive and "committed to the broad discretion of the court."  *Am. Council of Blind of Metro. Chicago*, 2021 WL 5140475, at *1 (N.D. Ill. Nov. 4, 2021).  Given the nature

---

[4] As defendants cite in their brief, the court has acknowledged this case is "on a whole different order of magnitude than most cases."  Dkt. 74, Hr'g Tr. at 27:6–9 (Jan. 24, 2024).

of this case and the sufficient time remaining for plaintiffs to respond to defendants' requests, the court GRANTS the portion of the defendants' motion seeking responses to their second sets of interrogatories.  Plaintiffs must answer the second sets within thirty days of the court's order.

For fairness, the court will expand plaintiffs' collective limit to forty-three interrogatories as well and grants them one week from this order to serve them.  If the parties find they need more interrogatories as the case continues, they should meet and confer and resolve the issue with the above points in mind.

## C. Boundaries of Geographic and Product Markets

Finally, defendants served one hundred forty-five requests for admission seeking information regarding the boundaries of the relevant geographic and product markets that plaintiffs pled in their complaint.  Dkt. 117 at 21.  Defendants assert the complaint is unclear, for example, as to the boundaries of the North-Central Wisconsin geographic market, and that their requests would "narrow the issues in dispute for Plaintiffs' proposed relevant geographic and product markets."  *Id.* at 21–22.

Plaintiffs object to the requests on multiple grounds.  As a threshold matter, plaintiffs note that the parties agreed to limit any substantive requests to thirty "per side," Dkt. 32 at 12, and that defendants are collectively well over that limit.  Dkt. 134 at 23.  Plaintiffs also argue that defendants are being impatient because proving markets requires expert testimony, *id.*, and the parties already agreed via a stipulation that all expert work product was not discoverable until expert disclosures were due, Dkt. 45.

Regarding the threshold issue, the parties' Rule 26(f) report is clear: "The parties agree that a maximum of 30 requests for admission . . . should be permitted per side[.]"  Dkt. 32 at

12.  That stipulation alone is sufficient to convince the court that compelling answers to more than one-hundred additional requests for admission is inappropriate.  But beyond that, proving the relevant markets as a factual matter requires expert testimony, *Vasquez v. Indiana Univ. Health, Inc.*, 40 F.4th 582, 584 (7th Cir. 2022), and the parties unequivocally agreed to prohibit discovery of expert-witness work product or communications at this time, Dkt. 45 at 2.

Defendants' arguments do not refute any of these conclusions.  The cases they cite are not antitrust cases; nor do they appear to involve the kind of preclusive expert stipulation in force in this case.  Further, the court is skeptical of defendants' concern that waiting until the disclosure of expert discovery will "sandbag" them.  Dkt. 117 at 23.  Both sides have had access to the same factual information and so are equally positioned to begin conducting expert analysis and drawing conclusions.

For these reasons, defendants' motion seeking responses to their additional requests for admissions is DENIED.

ORDER

IT IS ORDERED that:

1.  Defendants' motion to compel production, Dkt. 116, is GRANTED in part and DENIED in part as specified above.

2.  Plaintiffs must serve responses to defendants' second set of interrogatories, nos. 1– 4, 6, 7, and 11–22, within thirty days of this order.

Entered December 11, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

8