# Fairmark Partners, LLP

400 7th Street NW | Suite 304
Washington, DC 20004 | https://fairmarklaw.com

December 29, 2025

**VIA E-MAIL**

Chief Judge James D. Peterson
Robert W. Kastenmeier United States Courthouse
120 N. Henry Street
Madison, WI 53703

    Re:    *Team Schierl Cos. v. Aspirus, Inc.*, No. 22-cv-580 (W.D. Wisconsin)
              Request for Leave to File Supplemental Expert Report

Dear Judge Peterson:

      In light of the Court's ruling disqualifying Plaintiffs' econometric expert Dr. Jeffrey Leitzinger, ECF 230 ("*Daubert* Opinion"), Plaintiffs respectfully request leave to prepare a supplemental report addressing the issues the Court identified as deficiencies in Dr. Leitzinger's prior yardstick analysis. A supplemental report would address, among other things, the two primary issues on which the Court based its *Daubert* Opinion: (1) that Dr. Leitzinger's yardstick included five small physician groups that may have engaged in some aspects of the Challenged Conduct, and (2) that Dr. Leitzinger did not adequately control for health systems' "reputation for quality." Dr. Leitzinger never had an opportunity to address either issue in his reports. Neither issue was raised in the rebuttal report of Defendants' econometric expert, Dr. Baker. Rather, both issues were raised for the first time in Defendants' briefs in support of their motion to exclude Dr. Leitzinger, all of which were submitted after Dr. Leitzinger submitted his final report.

      A supplemental report would address the Court's concern that Dr. Leitzinger "misrepresented" Anthem's deposition testimony that it was "not common" for clinically integrated networks to negotiate a single price for all providers. *Daubert* Opinion at 9. The four physician groups other than ThedaCare in the set of five highlighted in Defendants' reply brief make up ***only approximately 4%*** of the physicians in Dr. Leitzinger's yardstick. And ThedaCare, which Dr. Leitzinger addressed in his rebuttal report, also makes up only an additional approximately 4%. This context—which the Court did not have in front of when it issued the *Daubert* Opinion—is critical for two reasons. First, the small size of the potential "taint in the yardstick," *Daubert* Opinion at 12, makes it unlikely that these groups' inclusion in the yardstick meaningfully impacted Dr. Leitzinger's overall conclusion, even assuming (as Dr. Baker suggested and the Court credited) that joint price-setting could lead to lower prices. *See Daubert* Opinion at 13. Second, the small number of providers possibly engaging in the Challenged Conduct supports Dr. Leitzinger's conclusion "that the practices challenged by Plaintiffs in this case were not generally employed elsewhere in Wisconsin," as well as his reliance on Anthem's deposition testimony that such practices are "not common." ECF 191 ¶ 34. And to the extent this

context does not resolve the Court's concern, a supplemental report would give Plaintiffs the opportunity to do what Dr. Leitzinger did when Dr. Baker challenged the inclusion of ThedaCare in the yardstick: demonstrate that removing these physician groups from the yardstick does not impact his model's conclusions.  ECF 192 ¶ 65; *Daubert* Opinion at 12.

With respect to the fact that Dr. Leitzinger's model did not have a control variable for "reputation for quality," *see Daubert* Opinion at 14-15, Plaintiffs similarly believe that one or more control variables exist that a supplement report could control for to address this concern.  Again, Dr. Leitzinger did not have an opportunity to discuss in his reports either his initial decision not to use such a variable or to show the effects of including one in his substantive analysis, because Dr. Baker did not raise this concern; Defendants raised it only in their *Daubert* briefing.  *Compare* ECF 224 at 19-20 (Defendants' *Daubert* reply, arguing Dr. Leitzinger should have controlled for quality by using HEDIS metrics or Medicare "STAR" ratings) *with* Baker Report, ECF 194 (no mention of these quality measures as variables that Dr. Leitzinger should have controlled for).

Granting Plaintiffs leave to address these two concerns would not only permit the Court to reach a class certification decision on the basis of a complete record; it could also obviate the need for Plaintiffs to seek an interlocutory appeal of the Court's denial of class certification on the basis of econometric concerns that no econometric expert in this case has addressed.  Plaintiffs submit that fairness and efficiency warrant giving the Parties the opportunity to meet the Court's concerns and avoid the unnecessary delay caused by Seventh Circuit review.  Should the Court grant such leave, Plaintiffs would work with Defendants to determine a prompt schedule that would allow both parties to address the issues.

Plaintiffs notified Defendants on December 23 of their intention to ask the Court for leave to file a supplemental report, and Defendants responded that they would likely oppose but would need additional time to consider their position.  Given any interlocutory appeal under Federal Rule of Civil Procedure 23(f) would need to be taken this Friday, January 2, Plaintiffs submit this letter now to permit the Court time to consider this request.

                                                      Sincerely,

                                                      Jamie Crooks
                                                      Managing Partner
                                                      FAIRMARK PARTNERS, LLP

cc (via electronic mail):  All Counsel of Record (via CM/ECF)