UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TEAM SCHIERL COMPANIES and HEARTLAND FARMS, INC., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>ASPIRUS, INC. and ASPIRUS NETWORK, INC.,<br><br>*Defendants.* | No. 3:22-cv-00580-jdp<br><br>Hon. James D. Peterson, U.S.D.J.<br><br>Hon. Anita M. Boor, U.S.M.J. |

## JOINT STATUS REPORT

Plaintiffs Team Schierl Companies and Heartland Farms, Inc. and Defendants Aspirus, Inc. and Aspirus Network, Inc. submit this joint status report, as directed by the Court on December 19, 2025. ECF No. 230.

1. **Plaintiffs' Position**

When the Court denied Plaintiffs' motion for class certification (ECF No. 230), the Court inquired as to the parties' plans for this case going forward. Plaintiffs strongly believe in the merits of their case and intend to continue litigating this claim to seek all relief that can be obtained for Plaintiffs and the proposed class of payors who purchased healthcare services from Defendants. In that regard, Plaintiffs have taken, or propose to take, the following steps.

*First*, on January 2, 2026, Plaintiffs filed a petition for interlocutory appeal of the Court's class certification order under Federal Rule of Civil Procedure 23(f). Plaintiffs are amenable to a stay of this action during the pendency of the petition for review and during the appeal, should the petition be granted. If the court of appeals denies the petition, then Plaintiffs intend to continue

litigating the merits, as discussed below. Plaintiffs are amenable to Defendants' proposal of filing a joint status report within seven days of the resolution of the Rule 23(f) petition and related appeal, subject to the caveat that Plaintiffs (unlike Defendants) propose a renewed class certification motion under Federal Rules of Civil Procedure 23(b)(2) and (c)(4) for non-monetary relief.

***Second***, as discussed below, Plaintiffs believe that it would be more appropriate to provide classwide resolution as to Defendants' violation of the antitrust laws and provide a classwide injunction to prevent further injury to Plaintiffs and all the other payors who are subject to inflated prices for healthcare services. Nevertheless, Plaintiffs will, at a minimum, continue litigating this case on the merits on their own behalf to seek an injunction.[1]

***Third***, if the court of appeals denies the petition for interlocutory review, Plaintiffs intend to promptly move for class certification under Federal Rules of Civil Procedure 23(b)(2) and (c)(4). District courts routinely consider renewed motions for class certification after an initial denial. *See, e.g.*, *Nielsen v. Piper, Jaffray & Hopwood, Inc.*, 66 F.3d 145, 150 (7th Cir. 1995) (endorsing this approach); *see also Amgen Inc. v. Conn. Retirement Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013) (holding that certification decisions "are not frozen once made"); *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample discretion to consider . . . a

---

[1] Defendants attempt to turn this status report into a merits motion, and argue that Plaintiffs should "dismiss" their individual damages claims because of the Court's exclusion of Plaintiffs' class-wide impact expert. *See infra* at 12 n.6. But the Court has not ruled on the "damages portion of [Plaintiffs'] claims," *id.*; it merely excluded one of Plaintiffs' experts and, as a result, denied Plaintiffs' motion to certify a damages class, *see* ECF No. 230 at 19 ("The exclusion of Leitzinger's damages model is fatal to *plaintiffs' ability to satisfy the predominance requirement under Rule 23(b)(3)*." (emphasis added). As Plaintiffs have repeatedly stated to Defendants, Plaintiffs are not abandoning anything and are not willing to dismiss any claim at this juncture. As stated throughout this status report, Plaintiffs intend to seek classwide injunctive relief to put an end to the anticompetitive conduct and its ongoing effects. This is not an attempt, as Defendants contend, to "gerrymander" anything. Rather, Plaintiffs understood that this status report was intended to advise the Court on where Plaintiffs see the focus of this litigation following the decisions on *Daubert* and class certification.

revised class certification motion after initial denial."); *Hawkins v. Lutheran Soc. Servs. of Wis.*, 2021 WL 2443741, at *5 (W.D. Wis. June 15, 2021) (Peterson, J.) (encouraging renewed motion for class certification after initial denial); *Haley v. Kolbe & Kolbe Millwork Co.*, 2015 WL 9255571, at *2 (W.D. Wis. Dec. 18, 2015). Plaintiffs propose filing the renewed motion for class certification within 45 days of a court of appeals' decision denying the petition for interlocutory review.

Federal Rule of Civil Procedure 23(c)(4) contemplates "a class action with respect to particular issues." Here, the issue would be whether Defendants are liable under Section 1 of the Sherman Act. *See Dawson v. Great Lakes Educ. Loan Servs.*, 327 F.R.D. 637, 641 (W.D. Wis. 2018) (Peterson, J.) (certifying a liability class upon renewed motion and noting that "[w]hen there are individual issues about causation and damages, a court may limit certification to the issue of liability"). In addition to the overarching issue of liability, certain other subsidiary issues may also be certified for class treatment, including whether Defendants engaged in the alleged conduct, (if necessary and legally appropriate) whether the alleged conduct is *per se* illegal or subject to the "quick look" or "rule of reason" analysis, and whether Defendants possessed sufficient market power in a relevant antitrust market. These issues are routinely found to be appropriate for class treatment. *See* ECF No. 186 at 33; *see also, e.g.*, *In re Turkey Antitrust Litig.*, 2025 WL 264021, at *6 (N.D. Ill. Jan. 22, 2025).

A class may also be maintained where an injunction would be appropriate relief for the entire class. Fed. R. Civ. P. 23(b)(2) (finding that a class should be certified if it meets the requirements of Rule 23(a) and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole"). A class can be certified under Federal Rule of

Civil Procedure 23(b)(2) absent a precise measure of damages because it is seeking only injunctive relief for ongoing conduct. *See Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 442 (7th Cir. 2015). The alleged conduct is ongoing, and Plaintiffs' other expert, Dr. David Dranove, has opined that, among other things, the alleged conduct inflates the prices for Defendants' healthcare services above a competitive level. ECF No. 186 at 39; ECF No. 198 ¶ 28.

Defendants' arguments in opposition should be rejected. First, Defendants' primary argument is that Plaintiffs' request to move for class certification represents a radical departure. But the issues around Defendants' liability are issues that have already been discussed extensively in expert reports and prior briefing and have been the subject of significant fact discovery. Plaintiffs are not proposing at this time any additional fact or expert discovery before moving for class certification. This would simply allow Plaintiffs to proceed as a class on issues that are clearly classwide and subject to evidence common to the entire class. This briefing could be accomplished expeditiously before proceeding to summary judgment briefing and trial. Moreover, resolving these core issues about Defendants' conduct will avoid inconsistent rulings on these important antitrust issues as they relate to healthcare in North-Central Wisconsin.

Second, the decision to consider a renewed motion for class certification rests entirely in the Court's discretion. There is no "material change" requirement in the Seventh Circuit; that circumstances should have changed is not a "hard and fast rule but rather a principle guiding the exercise of discretion." *Hossfeld v. Allstate Ins. Co.*, 2024 WL 325337, at *5 (N.D. Ill. Jan. 29, 2024). Indeed, Defendants' own interpretation of this Court's prior opinions—as considering renewed motions only due to a lack of "sufficient information to issue a definitive ruling"—would

4

contravene such a rule.² Moreover, the key issue in *Hossfeld* was that the request to file a new class certification motion was akin to a motion for reconsideration, *id.* at *3, and the plaintiffs were simply trying to add evidence to counter an argument that was not countered in the original class certification motion, *id.* at *5. Here, Plaintiffs' proposed class certification motion responds to the Court's ruling excluding Plaintiffs' evidence of classwide damages. There is still ample proof, including expert reports from Dr. Dranove and an extensive discovery record, supporting Plaintiffs' claim that Defendants violated the antitrust laws and that this conduct inflated prices for healthcare services. The question of whether those issues are classwide and capable of being proved with evidence common to the Class has not been decided by the Court. A renewed class certification motion can be made quickly to determine whether class treatment is appropriate.

Third, Defendants are wrong about the proposal for an injunctive class. Defendants argue as if Plaintiffs' complaint makes no mention of a request for an injunction, but that's not true. The complaint states that "[t]his lawsuit seeks to return overcharges paid by Plaintiffs and the proposed Class to the injured parties, and to enjoin Aspirus from continuing to engage in its anticompetitive Scheme." ECF No. 1 ¶ 19; *see also id.* ¶¶ 107, 113. And the Demand for Judgment asks for "any such further and additional relief as the case may require and the Court may deem just and proper under the circumstances." Moreover, there is ample evidence—including multiple expert reports

---

² Further, the Court denied Plaintiffs' initial motion for class certification because, without the overcharge analysis from Dr. Leitzinger, there was not sufficient common evidence of classwide impact. ECF No. 230 at 20. Allowing a renewed motion for certification in this context directly parallels this Court's prior opinions which, in Defendants' own reading, considered renewed motions due to an initial lack of evidence. *See Hawkins v. Lutheran Soc. Servs. of Wis.*, 2021 WL 2443741, at *2 (W.D. Wis. June 15, 2021) (Peterson, J.) (noting that plaintiffs did not "explain how they will be able to prove [their case] with the same evidence for the entire class"); *Dawson v. Great Lakes Educ. Loan Servs., Inc.*, 327 F.R.D. 637, 649-50 (W.D. Wis. Aug. 28, 2018) (Peterson, J.) (inviting a renewed motion for certification that includes a more detailed common damages analysis).

5

from Dr. Dranove—to support Plaintiffs' claim that Defendants violated the antitrust laws and have harmed Plaintiffs and other purchasers of healthcare services. Defendants also do not dispute that the Challenged Conduct continues to this day. No further fact or expert discovery will be needed for class certification, and if Defendants believe that they can defeat an injunction on the merits, they will have that opportunity.

Defendants are also wrong that *Wal-Mart Stores, Inc. v. Dukes* is an impediment to the certification of an injunctive class under 23(b)(2) in this case. In *Dukes*, the plaintiffs sought a *monetary* remedy under Rule 23(b)(2) (*i.e.*, back-pay for past discrimination), which inherently required individualized determinations of the amount of money due each plaintiff. 564 U.S. 338, 360-61 (holding that Fed. R. Civ. P. 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages"). Here, Plaintiffs seek—and have sought from the initiation of this litigation—injunctive relief that is forward-looking: an order requiring Defendants to stop engaging in conduct that violates the antitrust laws. This is precisely the situation that the Supreme Court noted in *Dukes* that Rule 23(b)(2) is for: "when a single injunction or declaratory judgment would provide relief to each member of the class." *Id*. at 361. And it is a distinct remedy from the damages remedy Plaintiffs sought in the Rule 23(b)(3) class motion which the Court denied. Thus, the *Dukes* prohibition on the use of a 23(b)(2) injunctive class to seek monetary relief is not applicable to this case.

Fourth, Defendants are wrong that Plaintiffs' class certification motion under Rule 23(c)(4) would be improper. Defendants' primary argument is that Plaintiffs cannot prove an antitrust violation on a classwide basis without Dr. Leitzinger's damages analysis. This is wrong, but more importantly, *it is a classwide argument*. If anything, this shows just how amenable the core issue— Defendants' liability for violating the antitrust laws—is to classwide treatment. The question and

answer are the same for every member of the proposed class. But Defendants are also wrong on the merits of the issue. To prove a violation of the antitrust laws, Plaintiffs need only prove a harm to competition and harm to the Plaintiffs, and Plaintiffs have ample evidence of both. For example, as discussed in Plaintiffs' motion to certify the class, Dr. Dranove shows how Defendants' conduct harms competition, and he cites substantial record evidence and performs numerous standard economic analyses showing how that conduct inflated prices. *See, e.g.*, ECF No. 186 at 15-21, 23-24 (describing classwide evidence of an antitrust violation and impact from qualitative record sources and Dr. Dranove's analysis); *id*. at 35 (describing classwide basis for applying *per se* standard to liability question). And beyond Dr. Dranove's report, Plaintiffs have more than enough record evidence to prove a violation of the antitrust laws. But most pertinent here, the central question and the evidence to answer it are all common to the proposed class.

The classwide nature of the issue also shows why Defendants' "superiority" argument is meritless. The question of whether Defendants violated the antitrust laws, and the evidence and analysis to answer that question, is unquestionably classwide. Defendants refer to Plaintiffs' issues class proposal as "vague," but it is clear what the issue is that would be the subject of class certification: whether Defendants' conduct violates § 1 of the Sherman Act. Moreover, Defendants worry about the multiplicity of future trials, but if that is to happen, it would be far more efficient to have already decided the merits of the key issue of whether Defendants have violated the antitrust laws. If a class is certified and Defendants prevail on the merits, presumably there would be no further trials at all. If the issue class is certified and Plaintiffs prevail on the merits, then any future trials (or settlements) for damages would be extremely efficient. And that would avoid the danger of inconsistent rulings or decisions as to liability on the central issue of whether Defendants' conduct violates the antitrust laws. It is hard to imagine how thousands of individual

trials as to the core issue of liability would be "superior" to one trial.[3]

Finally, Defendants' claim of undue prejudice should be rejected. Defendants point only to the fact that the parties have now briefed Plaintiffs' motion to certify a damages class and supported that briefing with expert reports and exhibits. But that is exactly why Defendants *will not* be unduly prejudiced. Plaintiffs have already developed the evidence, including, as noted above, from Dr. Dranove, establishing that Defendants' liability and related issues can be resolved with classwide proof. Any motion to certify a different type of class will be supported by that evidence. Therefore, contrary to Defendants' claims, allowing Plaintiffs to seek certification of an injunctive or issues class by motion in this case—with the extensive record of Defendants' price fixing scheme already established and available—will promote efficient resolution of the core issue of Defendants' liability on behalf of similarly situated entities.

## 2. Defendants' Position

Defendants propose that the Court continue to "stay the dispositive motions deadline," Dkt. 230 at 20, as well as related *Daubert* deadlines, during the pendency of Plaintiffs' Rule 23(f) petition. The Court should also order the parties to file, within seven days after resolution of Plaintiffs' Rule 23(f) petition and any related appeal, a joint status report proposing an updated summary judgment and related *Daubert* briefing schedule and advising the Court whether any other case deadlines require adjustment. Finally, as explained below, Plaintiffs' gambit to seek

---

[3] Defendants cite *Jacks v. DirectSat USA, LLC*, 118 F.4th 888 (7th Cir. 2024), but that case supports certification here. There, the Seventh Circuit affirmed a district court's order decertifying a class action where the plaintiffs moved for certification of *fourteen* certified issues. *Id.* at 898-899. The court held that there were several "unique facts" about the case that meant that even if the plaintiffs were to win on the classwide issues, the nature of proving liability and damages under the unique facts would mean further complicated proceedings. Here, if Plaintiffs certify a class as to Defendants' liability and win at summary judgment or trial on the merits of that issue, there is no further trial needed to prove liability as to any other potential plaintiff.

8

certification of an injunctive relief class under Rule 23(b)(2) and an issues class under Rule 23(c)(4) should be rejected.

**Stay of Dispositive Motions During Plaintiffs' Rule 23(f) Petition for Appeal:** On January 2, 2026, Plaintiffs filed a Rule 23(f) petition seeking appellate review of this Court's December 19, 2025 Order. The Seventh Circuit will set a deadline for a responsive brief from Defendants.

Defendants agree with Plaintiffs' suggestion that dispositive motion practice, as well as related *Daubert* proceedings,[4] should continue to be stayed during the pendency of Plaintiffs' Rule 23(f) petition and, if the petition were granted, during the appeal. Defendants believe the Seventh Circuit will deny Plaintiffs' Rule 23(f) petition, likely within one to two months of its filing on January 2. Nonetheless, staying dispositive motions and related *Daubert* motions until Plaintiffs' petition is resolved will avoid concerns animating the rule against one-way intervention.[5]

---

[4] The Court previously set a January 16, 2026 deadline for "Motions for Summary Judgment and *Daubert* Motions Related to Summary Judgment." Dkt. 174-1; Dkt. 175. Defendants understand that the Court vacated that deadline, including as to summary-judgment-related *Daubert* motions, when staying the "dispositive motions deadline." Dkt. 230 at 21.

[5] The rule against one-way intervention requires resolution of class certification and class notice issues prior to dispositive motions. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547-48 (1974). The rule is rooted in principles of fairness and judicial economy. If a court rules on a merits-related motion before class certification is fully resolved, its decision binds the defendants—but not necessarily unnamed potential class members. Potential class members instead may proceed with the class to enjoy the benefits of a favorable ruling, or may opt out (in the context of a Rule 23(b)(3) class) if the ruling was unfavorable. Resolving class certification before summary judgment resolves this problem. *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 353 (7th Cir. 1975) (The one-way intervention rule abates "the problem . . . whereby a potential class member could await a resolution of the merits of the claim before deciding whether or not to join the lawsuit."); *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) (observing that, because of one-way intervention concerns, it is "difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits"); *McCarter v. Ret. Plan for Dist. Managers of Am. Fam. Ins. Grp.*, No. 07-cv-206-bbc, 2007 WL 4333979, at *5 (W.D. Wis. Nov. 16, 2007) ("Ordinarily, a court should decide a motion for class certification before ruling on the merits of the case."), *aff'd as modified*, 540 F.3d 649 (7th Cir. 2008); *see also In re Zetia*

**Defendants' Proposal For Proceedings After Rule 23(f) Petition Is Resolved:**

Plaintiffs' counsel have represented that, should their efforts to obtain some form of class certification be unsuccessful, they have no plans to seek leave to add additional individual plaintiffs to this litigation and do not "currently" intend to do so. Absent a class, the named Plaintiffs intend to proceed solely on their individual claims. Thus, this is not a case where the parties require a procedure to allow for the addition of new plaintiffs, as has occurred in other antitrust cases in which class certification has been denied. *E.g.*, *In re Zetia (ezetimibe) Antitrust Litig.*, No. 18-md-2836 (E.D. Va. July 13, 2022), Dkt. 1606 at 1 (the court ordered plaintiffs to join any new plaintiffs within a certain time after the court denied class certification); *Value Drug Co. v. Takeda Pharmaceuticals U.S.A., Inc.*, No. 21-cv-3500 (E.D. Pa. Mar. 14, 2023), Dkt. 897 at 2 (same).

In light of these representations, Defendants propose that within seven days after Plaintiffs' Rule 23(f) petition and any appeal is fully resolved, the parties should be required to submit a status report with a proposed revised pretrial schedule. That schedule will reset the deadlines for dispositive motion and related *Daubert* briefing and, if necessary, suggest any modification to the remaining pretrial deadlines and trial.

**Defendants Oppose Plaintiffs' Renewed Attempt at Class Certification:** For the first time in this years-long litigation, Plaintiffs announce in this joint status report their intent to seek certification of some type of injunctive relief class under Rule 23(b)(2) and/or issues class under Rule 23(c)(4)—but only if their Rule 23(f) petition is denied. The Court has already rejected

---

*(ezetimibe) Antitrust Litig.*, No. 18-md-2836, 2021 WL 9870367, at *7 (E.D. Va. May 7, 2021) (deferring decision on summary judgment and related *Daubert* motions because "[i]t is well-established that summary judgment motions raise one-way intervention concerns").

Plaintiffs' proposed piecemeal approach to correcting their class expert report, Dkt. 232, and it should do the same for their new request for another bite at the apple, for the following reasons.

First, the deadline to submit a motion for class certification was July 2, 2025. Dkt. 174-1, 175. Plaintiffs sought only to pursue certification under Rule 23(b)(3). Dkt. 185, 186 at 6. Plaintiffs did not seek certification of a Rule (b)(2) class or certification of any specific issues class under Rule 23(c)(4). Plaintiffs could have pursued either or both in the alternative to their desired Rule 23(b)(3) class, yet they do not explain why they did not do so in their motion on July 2, 2025. The only thing to have changed is that the Court properly rejected Plaintiffs' preferred approach. This is not a reason to permit Plaintiffs to submit a new bid for certification on a new, previously undisclosed ground under Rule 23.

Second, Plaintiffs are incorrect that "[d]istrict courts routinely consider renewed motions for class certification after an initial denial." Instead, courts in the Seventh Circuit permit renewed motions for class certification only where there has been a "material change" in circumstance between the first and second motions. *E.g.*, *Hossfeld v. Allstate Ins. Co.*, No. 20-cv-7091, 2024 WL 325337, at *5 (N.D. Ill. Jan. 29, 2024) (granting a motion to strike a second motion for class certification where plaintiffs did not "identify a material change of circumstances to justify revisiting the first class certification ruling") (citing *Chapman v. First Index, Inc.*, 796 F.3d 783, 784-85 (7th Cir. 2015)). Plaintiffs in their initial draft of their status report did not address this standard, and their desire to engineer other means by which to obtain some type of class certification is improper in any event.

Plaintiffs' cited authorities are inapposite. For example, in *Nielsen v. Piper, Jaffray & Hopwood, Inc.*, the plaintiffs were permitted to renew their motion for class certification because the district court denied their initial motion based on an earlier erroneous decision to compel

11

arbitration. 66 F.3d 145, 149-50 (7th Cir. 1995). That renewal, premised on correcting a legal error, was neither "routine" nor analogous to this case. And, in the two Western District of Wisconsin cases that Plaintiffs cite, this Court invited renewed motions because it lacked sufficient information to issue a definitive ruling under Rule 23. *Hawkins v. Lutheran Soc. Servs. of Wisconsin*, No. 20-cv-352, 2021 WL 2443741, at *1, 5 (W.D. Wis. June 15, 2021) (denying a motion "without prejudice because plaintiffs haven't provided enough information to determine whether their claims meet the requirements of Rule 23" and granting an opportunity to file a renewed motion that addresses the court's concerns"); *Dawson v. Great Lakes Educ. Loan Services, Inc.*, No. 15-cv-475, 2016 WL 5415096, at *1 (W.D. Wis. Sept. 28, 2016) (inviting renewal because the plaintiff's claims were "too vague and her injury too ill-defined to enable the court to conduct the necessary inquiry into whether Rule 23(a) and Rule 23(b)(3)'s requirements [were] met"). Here, by contrast, the Court did not require additional information to fully evaluate and deny Plaintiffs' motion. None of Plaintiffs' authorities support their request to seek class certification on a new basis just because their first attempt was denied.

Third, Plaintiffs' proposal to seek certification of an injunctive relief class under Rule 23(b)(2), although vague, runs headlong into the well-established principle that plaintiffs cannot pursue a Rule 23(b)(2) class for injunctive relief when their primary claim is for damages.[6] The Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, held that Rule 23(b)(2) "applies only when a single injunction or declaratory judgment would provide relief to each member of the class" and

---

[6] On January 5, 2026, Plaintiffs' counsel informed Defendants that while the named Plaintiffs have a claim for monetary damages, they "do not intend to seek damages on their on behalf." Plaintiffs declined, however, to say whether they would dismiss the damages portion of their claims with prejudice. This potential to gerrymandering Plaintiffs' claims—done in an apparent effort to pursue the newfound possibility of an injunctive relief class—does not change the fact that this case for Plaintiffs is primarily about damages.

12

"does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." 564 U.S. 338, 360-61 (2011). *Dukes* goes on to explain that "individualized monetary claims belong in Rule 23(b)(3)" because "[t]he procedural protections attending the (b)(3) class—predominance, superiority, mandatory notice, and the right to opt out—are missing from (b)(2) not because the Rule considers them unnecessary, but because it considers them unnecessary to a (b)(2) class." *Id*. at 362. The absence of procedural protections with respect to notice and the ability to opt-out create Due Process concerns when classes predominantly seek money damages. *Id*. at 362-63.

This case since its inception has focused exclusively on Plaintiffs' claimed monetary damages. The Demand for Judgment in the Complaint seeks class certification "pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3)," not Rule 23(b)(2). Compl. at 42, Demand for Judgment ¶ (a), Dkt. No. 1. It also asks the Court to "[a]ward the Class damages" and omits any reference to injunctive relief. *Id.* ¶ (c). Plaintiffs sought voluminous discovery to advance their pleaded damages demand. Expert discovery has focused extensively on questions of economic and monetary harm. While Plaintiffs' counsel informed Defendants that the named Plaintiffs "do not intend to seek damages on their own behalf" given the exclusion of Dr. Leitzinger's damages model, they would not commit to dismissing those damages claims. Instead, the named Plaintiffs "plan[] to continue litigating this case in as much detail as possible." It is obvious from this maneuvering that this case is primarily about Plaintiffs' ability to recover money damages—just as it has been from the start. This is not a circumstance where damages claims are "incidental" to Plaintiffs' newfound focus on injunctive relief. *Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 441, 443 (7th Cir. 2015) (explaining in the context of a race discrimination claim that "23(b)(2) is the appropriate rule to enlist when the plaintiffs' primary

goal is not monetary relief," and, consistent with *Dukes*, that "a 23(b)(2) class cannot seek money damages unless the monetary relief is incidental to the injunctive or declaratory relief."). Rule 23(b)(2) cannot be invoked where, like here, the primary focus of this litigation has been and will remain treble damages under the Clayton Act. *E.g.*, *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 507 (N.D. Cal. 2008) (rejecting request to invoke Rule 23(b)(2) in an antitrust action where, "[f]rom the onset of litigation, it has been crystal clear that both groups of plaintiffs have primarily sought monetary damages." (collecting authority)).[7] Among the many issues with Plaintiffs' proposal, *Dukes* alone should doom the suggested Rule 23(b)(2) proposal here.

Fourth, an issues class under Rule 23(c)(4) is likewise improper for numerous reasons. Plaintiffs elected not to seek certification of any Rule 23(c)(4) issues class in either their Complaint or their motion for class certification. Dkt. 1; Dkt. 185, 186. Just like the certification they sought under Rule 23(b)(3), certifying an issues class on "liability" would have required Plaintiffs to produce a classwide methodology showing that each class member sustained antitrust impact. With the exclusion of Dr. Leitzinger's unreliable opinions, Plaintiffs have no evidence to make that

---

[7] Relying on *Dukes*, courts in this circuit have similarly rejected attempts to invoke Rule 23(b)(2) where the predominant remedy requested was monetary damages. *Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 461 (N.D. Ill. 2013) (refusing to certify consumer fraud class under Rule 23(b)(2) where the "predominant remedy requested for class members" in the complaint was monetary damages in excess of $5 million; "[a] case like this cannot proceed under Rule 23(b)(2)"); *Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 138 (N.D. Ind. 2013) (refusing to certify WARN Act claim under Rule 23(b)(2) where the purpose of the requested declaratory relief "is only to ensure the obtainment of individual money damages"); *Donovan v. St. Joseph Cnty. Sheriff*, No. 11-cv-133, 2012 WL 1601314, at *6-7 (N.D. Ind. May 3, 2012) (refusing to certify a class under Rule 23(b)(2) where monetary damages were included in a Section 1983 claim, reasoning that "'[a] suit for money damages, even if the plaintiffs seek uniform, class-wide equitable relief as well, jeopardizes'" the presumption of cohesion and homogeneity that underlies Rule 23(b)(2) "'because individual claims for compensatory or punitive damages typically require judicial inquiry into the particularized merits of each individual plaintiff's claim.'" (quoting *Lemon v. Int'l Union of Operating Eng'rs*, 216 F.3d 577, 580 (7th Cir. 2000)).

showing. Moreover, it would not be a superior means of resolving this litigation to certify an issues class on "liability" or attempt to carve out for class treatment various elements of Plaintiffs' claims that would necessarily overlap with liability determinations that subsequent juries in individual damage actions would be asked to make. As the Seventh Circuit recently explained, the superiority requirement in Rule 23(b)(3) applies to issues class. *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 896-899 (7th Cir. 2024). Superiority "functions as a backstop against [the] inefficient use of Rule 23(c)(4)" and ensures that an issues class is only used where certification "would be the most practical and efficient way to resolve the litigation." *Id*. at 898 (citations omitted) (affirming decertification of issues class). Class actions are generally superior when collective treatment "would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Plaintiffs' vague issues class proposal would instead multiply the proceedings and lay the groundwork for serial trials on various elements and legal issues excluded from Plaintiffs' issues class. The potential for multiple trials is a real one, as the named Plaintiffs have stated to Defendants that they intend to proceed with their claims regardless of whether any class is certified. Plaintiffs' belated issues class concept is not a superior means of resolving this dispute and it should be rejected. *E.g.*, *Vondell Wilbourn, Plaintiff, v. Sheriff of Cook Cnty. & Cook Cnty., Illinois*, No. 23-cv-1782, 2025 WL 3754439, at *7 (N.D. Ill. Dec. 29, 2025) (citing *Jacks* and declining to certify an issues class on three liability issues since doing so "would not achieve economies of time, effort, and expense, because of the individual questions still present even once the common issues have been resolved.").

Finally, Plaintiffs' proposal will unduly prejudice Defendants. Defendants (and the Court) have expended significant resources addressing a thoroughly briefed attempt to seek class

15

certification, with briefing, expert reports, and exhibits spanning thousands of pages. Permitting Plaintiffs the proverbial "mulligan" will only further drain resources and increase the costs of defense for a dubious and unsupported request to certify some form of injunctive relief and/or issues class. The unnecessary prejudice is yet another basis to deny Plaintiffs' request.

Dated: January 5, 2026                    Respectfully submitted,

                                                                   */s/ Daniel J. Walker (with permission)*
Timothy W. Burns
Nathan M. Kuenzi
**BURNS BAIR LLP**
10 E. Doty Street, Suite 600
Madison, WI 53703
Phone: (608) 286-2808
tburns@burnsbair.com
nkuenzi@burnsbair.com

Daniel J. Walker
Robert E. Litan
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400E
Washington, DC 20001
Phone: (202) 559-9745
dwalker@bergermontague.com
rlitan@bergermontague.com

Eric L. Cramer
Zachary D. Caplan
Sarah R. Zimmerman
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
ecramer@bergermontague.com
zcaplan@bergermontague.com
szimmerman@bergermontague.com

Jamie Crooks
Michael Lieberman
Amanda R. Vaughn
**FAIRMARK PARTNERS LLP**
400 7th Street NW, Suite 304
Washington, DC 20004
Phone: 619-507-4182
jamie@fairmarklaw.com
michael@fairmarklaw.com
amanda@fairmarklaw.com

*Counsel for Plaintiffs and the Proposed Class*

| | |
|---|---|
| Daniel Conley<br>Nathan Oesch<br>QUARLES & BRADY LLP<br>411 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202<br>T: 414-277-5000<br>daniel.conley@quarles.com<br>nathan.oesch@quarles.com | /s/ Zachary M. Johns<br>Steven A. Reed (*pro hac vice*)<br>R. Brendan Fee (*pro hac vice*)<br>Zachary M. Johns (*pro hac vice*)<br>Vincent C. Papa (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>2222 Market Street<br>Philadelphia, PA 19103-2921<br>T: 215-963-5000<br>steven.reed@morganlewis.com<br>brendan.fee@morganlewis.com<br>zachary.johns@morganlewis.com<br>vincent.papa@morganlewis.com |
| Matthew Splitek<br>QUARLES & BRADY LLP<br>33 East Main Street, Suite 900<br>Madison, Wisconsin 53703<br>T: 608-251-5000<br>matthew.splitek@quarles.com | Kenneth M. Kliebard (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>110 North Wacker Drive<br>Chicago, IL 60606-1511<br>T: 312-324-1000<br>kenneth.kliebard@morganlewis.com<br><br>Ryan Kantor (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004-2541<br>T: 202-739-3000<br>ryan.kantor@morganlewis.com<br><br>*Attorneys for Defendants,*<br>*Aspirus, Inc. and Aspirus Network, Inc.* |