IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TEAM SCHIERL COMPANIES and
HEARTLAND FARMS, INC.,

                           Plaintiffs,                       OPINION and ORDER

    v.

                                                       22-cv-580-jdp

ASPIRUS, INC. and ASPIRUS NETWORK, INC.,

                           Defendants.

---

      The parties have filed a joint status report addressing the court's proposed schedule for this case. Dkt. 240. Neither side objects to a February 25 dispositive motions deadline, with a 28/14-day briefing schedule. But the parties disagree as to the scope of the summary judgment motions. Plaintiffs propose that the parties brief a limited summary judgment motion on the element of antitrust injury. The court has already excluded plaintiffs' damages expert, whose opinion was plaintiffs' primary evidence in support of antitrust injury, so plaintiffs argue that a limited summary judgment motion could be an efficient route to a final judgment. Defendants want to brief summary judgment in full.

      The court agrees with plaintiffs that a limited summary judgment motion on the antitrust injury issue is the more efficient route. Two additional points. First, the parties appear to agree that a ruling on the antitrust injury issue would be dispositive of the entire case only if plaintiffs dismiss their request for injunctive relief. Dkt. 240, at 2 (citing *Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 152 F.3d 588, 591 (7th Cir. 1998), which holds that an antitrust plaintiff may be entitled to an injunction even if it cannot prove damages). Plaintiffs say in the status report that they will dismiss their request for injunctive relief with prejudice if the court adopts their proposal for a limited summary judgment motion. Dkt. 240,

at 2 n.1. The proper procedure to voluntarily dismiss a single claim in a suit is to file an amended complaint. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). But that's not necessary here because injunctive relief is a remedy, not a separate claim. Accordingly, the court accepts plaintiffs' voluntary dismissal of their request for injunctive relief.

Second, there appears to be some disagreement between the parties about exactly what issues they should brief in the limited summary judgment motion. In the status report, defendants say that they

> plan to move for summary judgment on multiple independent grounds, not limited to plaintiffs' inability to prove the essential element of antitrust injury. And even as to that specific element, there are multiple reasons why plaintiffs cannot prove antitrust injury beyond their inability to substantiate their claim for overcharge damages . . . Defendants also intend to file a *Daubert* motion directed to plaintiffs' merits expert, which will raise issues directly related to their motion for summary judgment.

Dkt. 240, at 3. To be clear, defendants' limited summary judgment motion should address only the element of antitrust injury, but defendants should provide all of their reasons why plaintiffs cannot prove that element. Defendants should also file any additional *Daubert* motions that are relevant to plaintiffs' expert evidence of antitrust injury, but they need not file *Daubert* motions about expert evidence directed at other issues. If the court denies summary judgment on the antitrust injury issue, then it will reset the schedule for full dispositive motions and trial.

ORDER

IT IS ORDERED that:

1. Dispositive motions on the issue of antitrust injury are due February 25, 2026, with a 28/14-day briefing schedule.

2. Plaintiffs' request for injunctive relief is DISMISSED.

3. The court will reset the remainder of the schedule after it rules on the antitrust injury dispositive motions.

Entered February 2, 2026.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge